STATE OF NEBRASKA, APPELLEE, V. JOHNNY E. WILSON,
APPELLANT.

400 N.W.2d 869

Filed February 13, 1987.    No. 86-522.

Anthony S. Troia of Troia Law Offices, P.C., for appellant.

Robert M. Spire, Attorney General, and Mark D. Starr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from the Douglas County District Court's denial of the appellant's motion for postconviction relief. The appellant, Johnny E. Wilson, was convicted of theft by unlawful taking under Neb. Rev. Stat. § 28-511 (Reissue 1985) and was sentenced to 5 to 10 years in the Nebraska Penal and Correctional Complex. The facts relevant to this appeal are as follows.

During the proceedings in the district court which gave rise to this appeal, the appellant and a codefendant were represented jointly by one assistant public defender. On January 3, 1983, the day before the jury was to be impaneled, counsel moved to withdraw from her representation of Wilson on the basis of conflict of interest. Upon further inquiry by the district court judge, counsel stated that she had arranged to have the codefendant transferred to juvenile court in return for a plea of guilty to the charge pending against him. Counsel stated that

she felt that she could not adequately represent the appellant due to the fact that she intended to call the codefendant at trial to testify for the appellant and felt that she could not both ask the codefendant to testify and advise him against giving statements which would be incriminating in later proceedings. The trial judge assured counsel that the codefendant would be adequately advised of his rights against self-incrimination. The district court judge also stated that he saw no possible conflict of interest, as the codefendant's case had been transferred to juvenile court and the public defender's office could easily appoint separate counsel for the codefendant. Counsel's motion to withdraw was denied.

On June 3, 1985, the appellant filed a petition for postconviction relief in the district court, alleging that the trial court denied him his sixth amendment right to effective assistance of counsel by declining to permit his trial counsel to withdraw on the ground of conflict of interest. In his order denying Wilson's motion for postconviction relief, Judge Hickman stated that the proper method by which Wilson could have challenged the trial judge's holding on a motion to withdraw was by direct appeal, and not through the use of a motion for postconviction relief. Judge Hickman also held that the issue of the propriety of his holding with regard to counsel's motion to withdraw had already been addressed on direct appeal through appellate defense counsel's motion to withdraw and was found not to be prejudicial to the appellant. Wilson's motion for postconviction relief was denied. This appeal follows.

Appellant first assigns as error that the trial court denied him his sixth amendment right to effective assistance of counsel by its failure to permit his trial counsel to withdraw on the ground of conflict of interest. Wilson argues that although the public defender revealed that she felt a conflict of interest existed as a result of her joint representation of both defendants, the trial court failed to conduct an inquiry into trial counsel's claim. We do not agree with the appellant's characterization of the facts. The trial court conducted an adequate inquiry as to the claim of conflict of interest, as the following exchange illustrates:

MRS. FERER: . . . [B]ecause of my dealings with both

John and Ty I don't feel that I can represent John as fairly as I could since I have had to take the side of the co-defendant - - -

THE COURT: In what respect?

MRS. FERER: Well, in asking the Court to transfer Ty to juvenile court I presumed that John was the instigator of this scheme and approached the Court in that way. I am now, of course, taking the complete opposite stand because Ty has now come to me and told me that he was the instigator of this crime and that John didn't know that the truck was being stolen.

THE COURT: Well, if there is a conflict within your office that can easily be rectified by your office withdrawing from Ty Penn's case and asking the juvenile court to appoint independent counsel for him.

MRS. FERER: Well, Your Honor, I think further that - -

THE COURT: But since this court has no further jurisdiction over Ty Penn, the case having been transferred because of his age, I don't see that there's a conflict with you representing Mr. Wilson.

MRS. FERER: I lost my train of thought. I still feel that I have some present responsibility towards Ty. I'm intending to call him as a witness in John's trial; but of course, anything he says could be used against him in a later prosecution and I feel that somebody should be advising him of that.

THE COURT: Well, certainly if you don't, the Court will.

MRS. FERER: But Your Honor, I can't — it's to Mr. Wilson's advantage to have Ty to testify. I don't feel that I am in a position to start advising Ty not to testify.

The U.S. Supreme Court has explored the issue of conflict of interest in a line of cases which includes *Cuyler v. Sullivan*, 446 U.S. 335, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980). Under *Cuyler*, multiple representation does not give rise to a denial of the defendant's sixth amendment right to effective assistance of counsel unless an actual conflict of interest exists and that conflict affects the performance of counsel. Although we do

not encourage joint representation, we agree with the district court that any alleged conflict of interest as a result of the assistant public defender's joint representation of the appellant and his codefendant did not affect the performance of counsel. The codefendant's case was transferred to juvenile court, and the codefendant was called at trial to give exculpatory testimony for Wilson. The assistant public defender's representation of Wilson was not rendered ineffective by her representation of the codefendant. See *State v. Turner*, 218 Neb. 125, 354 N.W.2d 617 (1984). We find that the appellant is unable to show that he was prejudiced by the assistant public defender's joint representation of him and his codefendant. *State v. Williams, ante* p. 114, 396 N.W.2d 114 (1986); *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). We are unable to discover a conflict of interest from our examination of the record. *State v. Kerns*, 203 Neb. 278, 278 N.W.2d 348 (1979). We find this assignment of error to be without merit.

Appellant's second and final assignment of error involves the district court's dismissal of his motion for postconviction relief. Appellant argues that Neb. Rev. Stat. § 29-3001 (Reissue 1985) permits a defendant to file a motion for postconviction relief to litigate the issue of whether the defendant's sixth amendment right to effective assistance of counsel has been denied. We find this assignment of error also to be without merit.

The district court dismissed the appellant's motion for postconviction relief. It stated that a challenge to one of the rulings was more properly addressed to this court on direct appeal, as it in fact had been in the appellate defense counsel's motion to withdraw pursuant to Neb. Ct. R. of Prac. 3B (rev. 1986). Although the decision on the motion is itself unpublished, the motion to withdraw was granted and the judgment of the district court was affirmed. *State v. Wilson*, 216 Neb. xix (case No. 83-158, Dec. 14, 1983). In *State v. Sanders*, 220 Neb. 308, 369 N.W.2d 641 (1985), this court wrote:

> In granting relief pursuant to rule 3B, this court examines the entire record, not only to resolve those matters which are specifically called to the court's attention by

court-appointed counsel but also to determine whether any possible errors exist. Therefore, any matter which can be determined from the record on direct appeal is considered by the Supreme Court when granting relief pursuant to rule 3B and is not available for further relief pursuant to the Nebraska Post Conviction Act. See, *State v. Weiland*, 190 Neb. 111, 206 N.W.2d 336 (1973); *State v. Losieau*, 182 Neb. 367, 154 N.W.2d 762 (1967).

*Id*. at 309, 369 N.W.2d at 642; *State v. Galvan*, 222 Neb. 104, 382 N.W.2d 337 (1986).

As the issue of propriety of the district court's failure to permit trial counsel to withdraw from representation of Wilson due to conflict of interest had previously been addressed by this court, the district court properly dismissed the appellant's motion for postconviction relief and its attempt to relitigate an issue which had already been addressed on direct appeal. The judgment of the district court is affirmed.

AFFIRMED.