STATE OF NEBRASKA, APPELLEE, V. NICKY SCOTT WHITE, APPELLANT.

472 N.W.2d 720

Filed August 2, 1991.    No. 90-544.

Ronald R. Brackle for appellant.

Robert M. Spire, Attorney General, and William L. Howland for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

Nicky Scott White appeals from the judgment of the district court for Jefferson County, which denied White's request for postconviction relief under Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1989).

## WHITE'S CONVICTIONS

Initially, White pled not guilty to five felonies charged in the State's information filed on December 18, 1984, namely, attempted second degree murder, first degree assault, attempted robbery, use of a knife to commit a felony, and burglary. On February 22, 1985, the district court granted White leave to withdraw his not guilty plea to the attempted robbery charge and, pursuant to a plea arrangement, enter nolo contendere pleas on February 22, 1985, to the charges in the amended information, namely, attempted robbery, a Class III felony, and accessory to first degree assault, a Class IV felony. See Neb. Rev. Stat. §§ 28-201 (attempt), 28-324 (robbery), 28-308 (first degree assault), and 28-204 (accessory) (Reissue 1989).

Before the court accepted White's pleas, the State offered a factual basis which established that White and Clinton Turner entered Benny AcFalle's furnished apartment at 2 a.m. After the pair pulled AcFalle out of bed and kicked him, White held a knife to AcFalle's face while Turner held a revolver to AcFalle's head and stated: "A thousand dollars or your valuables." Turner also asked AcFalle where he had parked his car and placed his car keys. Turner then shot AcFalle in the head, resulting in AcFalle's blindness. Turner and White left AcFalle's apartment, but did not remove AcFalle's possessions from his apartment or take his car. After this incident, White drove Turner back to their residence and, in a vehicle, hid the revolver which Turner had used to shoot AcFalle. White did not contest

or complain about any aspect of the factual information which the State presented as a basis for the charges against White.

Before the county attorney had rendered the preceding factual account, the district court informed White concerning the nature of the charges against him; his rights to assistance of counsel, confrontation, and a jury trial; and his privilege against self-incrimination, and the court examined White to determine his understanding of these rights. The court explained that the possible penalty for conviction of attempted robbery, a Class III felony, is "a minimum of one year imprisonment up to a maximum of 20 years or a fine of $25,000, or both," but neglected to mention possible penalties for conviction of accessory to first degree assault, a Class IV felony, which is punishable by imprisonment for a maximum term of 5 years, a $10,000 fine, or both such imprisonment and fine, with no expressed minimum term of imprisonment. See Neb. Rev. Stat. § 28-105(1) (Reissue 1985). The court accepted White's nolo contendere pleas to attempted robbery and the assault charge, found White guilty as charged, dismissed the remaining four felony counts stated in the original information, and ordered a presentence investigation.

Between entry of White's nolo contendere pleas on February 22, 1985, and his sentence hearing on March 25, 1985, Turner was tried on a six-count information which included an attempted robbery charge for the incident involving White at the AcFalle apartment. During Turner's trial, the court, on its own motion, dismissed the attempted robbery charge, but a jury convicted Turner on the remaining charges of attempted second degree murder, first degree assault, burglary, and use of a dangerous weapon to commit a felony, all of which coincided with the charges levied against White in the State's initial information filed on December 18, 1984, concerning the AcFalle incident. At White's sentence hearing, before imposition of sentences, the sentencing judge, who was the presiding judge in Turner's trial, commented to White and counsel, that is, White's lawyer and the county attorney, that "certain facts came to light with respect to the charge of attempted robbery" in Turner's trial and that "a probable defense to the charge of attempted robbery [existed] that Mr.

White could raise if he chose to do so . . . based on the statement of facts given by the county attorney, that no property was taken incident to an attempted robbery." Nevertheless, White chose to stand on his previously entered nolo contendere pleas, proceeded to sentencing, and directed that his lawyer inform the court that White declined to withdraw his pleas "notwithstanding that [White] maintains his innocence of any charges because of the risk of prosecution of charges in addition to those to which he entered a plea of no contest." The court then sentenced White to terms of imprisonment of 6 to 15 years on the attempted robbery conviction and 18 months to 5 years on the accessory to first degree assault conviction. The sentence on the assault charge was consecutive to the sentence on the attempted robbery conviction. On his direct appeal to this court alleging only excessiveness of sentence, White's convictions were summarily affirmed. See 220 Neb. xxvi (case No. 85-283, July 24, 1985).

## POSTCONVICTION PROCEEDINGS

Subsequently, White filed a motion for postconviction relief on account of a constitutionally invalid conviction, see §§ 29-3001 et seq., and contended that before entry of his nolo contendere pleas, he had not been informed about the range of possible penalties for a conviction on the assault charge and that he was denied his constitutional right to effective assistance of counsel concerning the charges on which his convictions are based.

In an evidentiary hearing on White's postconviction motion, the evidence, for the most part, related to White's claim that he was never supplied with information about possible penalties which might be imposed as the result of his conviction on the assault charge. Evidence regarding the ineffective assistance of counsel claim pertained to the fact that White's lawyer, on learning about the dismissal of the attempted robbery charge in Turner's trial, did not seek a continuance to evaluate the impact of the Turner dismissal in reference to disposition of the attempted robbery charge against White. On White's claim that he had not been informed about the penalty concerning the assault charge, the State presented a letter, dated February 18,

1985, from White's lawyer to White which contained the following: "Scott, we have visited concerning the maximum possible sentences in your case, which as you know, can be up to 25 years in prison, with the additional possibility of substantial fines." On February 18, 1985, a month before his sentence hearing, White acknowledged by his signature on the letter that he received the February 18 letter, conferred with his attorney about its contents, and understood the letter. White's lawyer testified that the lawyer was "sure" that he specifically informed White that, concerning the penalty range for a conviction on the assault charge, the possible penalty was a "maximum term of imprisonment of five years or a fine of $10,000 or both." According to White, however, "[t]he only thing that we discussed as far as sentencing was an overall range of [penalties] together," as indicated in the February 18, 1985, letter from his lawyer. White denied that his lawyer specifically told him about the possible range of penalties on either the assault charge or the charge of attempted robbery.

The district court denied postconviction relief to White and expressly found that the evidence was "clear and convincing" that White knew the range of penalties on the assault charge before White entered his nolo contendere pleas.

## ASSIGNMENTS OF ERROR

White contends that he had ineffective assistance of counsel for his nolo contendere plea to the charge of attempted robbery, because, notwithstanding the district court's comment that there might be a "probable defense" to the charge, White's lawyer, without further investigation into any foundation for the court's comment, allowed White to stand convicted on his nolo contendere plea.

Also, White contends that he was uninformed about the range of penalties possible for a conviction on the assault charge against him; therefore, his conviction, based on a plea which was not knowingly, intelligently, and voluntarily made, cannot be constitutionally sustained.

## STANDARD OF REVIEW

In an evidentiary hearing, as a bench trial provided by §§ 29-3001 et seq. for postconviction relief, the trial

judge, as the "trier of fact," resolves conflicts in evidence and questions of fact, including witness credibility and weight to be given a witness' testimony. [Citation omitted.] In an appeal involving a proceeding for postconviction relief, the trial court's findings will be upheld unless such findings are clearly erroneous.

*State v. Williams*, 224 Neb. 114, 116, 396 N.W.2d 114, 116 (1986). Accord, *State v. Dixon*, 237 Neb. 630, 467 N.W.2d 397 (1991); *State v. Clear*, 236 Neb. 648, 463 N.W.2d 581 (1990).

## ASSISTANCE OF COUNSEL

White contends the district court erred in finding that defense counsel competently represented White, since his counsel failed to request a continuance and advise White after the court had mentioned White's "probable defense" to the attempted robbery charge, and since his lawyer failed to inform him of possible penalties regarding the assault charge.

"In a proceeding under the Nebraska Postconviction Act, the movant, in custody under sentence, must allege facts which, if proved, constitute a denial or violation of the movant's rights under the Nebraska or federal Constitution, causing the judgment against the movant to be void or voidable." *State v. Start*, 229 Neb. 575, 577-578, 427 N.W.2d 800, 802 (1988). Accord *State v. Dixon, supra.*

[T]o sustain a claim of ineffective assistance of counsel as a violation of the sixth amendment to the U.S. Constitution and thereby obtain reversal of a defendant's conviction, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.

*State v. Hawthorne*, 230 Neb. 343, 347, 431 N.W.2d 630, 633 (1988). Accord, *State v. Dixon, supra*; *State v. Clear, supra*. See, also, *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

"To determine whether counsel's performance is deficient in representation of a criminal defendant, the standard is whether

an attorney, in representing the accused, performed at least as well as a lawyer with ordinary training and skill in the defense of a criminal case." *State v. Dixon, supra* at 634, 467 N.W.2d at 402. "In order to satisfy the prejudice requirement in the context of a plea, the defendant must show there is a reasonable probability that but for counsel's errors, the defendant would not have pled and would have insisted upon going to trial." *State v. Rehbein*, 235 Neb. 536, 538, 455 N.W.2d 821, 824 (1990). Accord *State v. Domingus*, 234 Neb. 267, 450 N.W.2d 668 (1990).

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. . . ."

*State v. Hawthorne, supra* at 347, 431 N.W.2d at 633 (quoting from *Strickland v. Washington, supra*). Accord, *State v. Dixon, supra*; *State v. Bostwick*, 233 Neb. 57, 443 N.W.2d 885 (1989).

Although the district court remarked about dismissal of the attempted robbery charge in Turner's trial and a "probable defense" to the attempted robbery charge against White, the factual basis, offered by the State, supplied adequate information to sustain White's nolo contendere plea to the charge of attempted robbery.

In construing the district court's remark about a "probable defense" to the charge of attempted robbery, White apparently interprets the court's comment to mean that there was no factual basis for the attempted robbery charge against him.

Section 28-324(1) states: "A person commits robbery if, with the intent to steal, he [or she] forcibly and by violence, or by putting in fear, takes from the person of another any money or personal property of any value whatever."

Section 28-201(1) provides in pertinent part:

(1) A person shall be guilty of an attempt to commit a crime if he [or she]:

. . . .

(b) Intentionally engages in conduct which, under the circumstances as he [or she] believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his [or her] commission of the crime.

(2) When causing a particular result is an element of the crime, a person shall be guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, he [or she] intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.

In *State v. Jackson*, 225 Neb. 843, 852, 408 N.W.2d 720, 727 (1987), which was partially overruled concerning grounds irrelevant in White's case, we stated:

To sustain a conviction for the offense of criminal attempt in violation of § 28-201(1)(a) or (b), evidence must establish beyond a reasonable doubt that the defendant intentionally engaged in conduct which (1) would constitute a particular crime, if the attendant circumstances were as the defendant believes such circumstances to be, or (2) under the circumstances as the defendant believes such circumstances to be, constitutes a substantial step in a course of conduct intended to culminate in the defendant's commission of the crime.

See, also, *State v. Swoopes*, 223 Neb. 914, 395 N.W.2d 500 (1986); *State v. Benzel*, 220 Neb. 466, 370 N.W.2d 501 (1985); *State v. Sodders*, 208 Neb. 504, 304 N.W.2d 62 (1981).

Consequently, the fact that no property was actually taken from AcFalle is inconsequential to the attempt charge inasmuch as the factual basis, presented by the State, shows that there was a substantial step in White's conduct, namely, brandishing a knife in AcFalle's face, which was intended to culminate in White's commission of the crime of robbery. Although the district court remarked about a "probable defense," no property had to be actually taken from AcFalle in reference to the attempted robbery charge against White. See

§ 28-201 (attempt) and Neb. Rev. Stat. § 28-206 (Reissue 1989) (aiding and abetting).

Further, White obviously desired to stand on his pleas to avoid risk of prosecution on additional charges, although he "maintain[ed] his innocence," which was his constitutional prerogative. "An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). See *State v. Rhodes*, 233 Neb. 373, 445 N.W.2d 622 (1989).

The record demonstrates that White conferred with counsel and voluntarily, knowingly, and understandingly chose to stand on his nolo contendere plea to the attempted robbery charge after a thorough examination and explanation by the court. Further, even if defense counsel were in some way deficient, White has not suggested, much less demonstrated, a reasonable probability that he would have forgone his nolo contendere pleas and insisted on proceeding to trial but for counsel's alleged deficient performance in White's defense. We certainly agree with White's observation that he has been prejudiced by imprisonment in the Nebraska Penal and Correctional Complex, but it is prejudice from ineffective assistance of counsel in the proceedings leading to that incarceration which White must demonstrate to sustain his ineffective assistance of counsel claim. Thus, White has failed to show prejudice, one of the requirements to sustain an ineffective assistance of counsel claim. We cannot conclude that the trial court was clearly erroneous in deciding that White was not deprived of effective assistance of counsel in accordance with the right guaranteed by the sixth amendment to the U.S. Constitution and article I, § 11, of the Nebraska Constitution.

## PENALTIES FOR THE ASSAULT CHARGE

White argues that the record fails to show he knew the possible penalties for the assault charge and that such lack of information rendered his nolo contendere plea involuntary.

As a matter of due process in the Nebraska criminal justice

system, a defendant's guilty or nolo contendere plea must satisfy the requirements expressed in *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). See *State v. High*, 225 Neb. 690, 407 N.W.2d 776 (1987).

In *Irish*, this court stated:

> [I]n order to support a finding that a plea of guilty or nolo contendere has been entered freely, intelligently, voluntarily, and understandingly,
>
> 1. The court must
>
> a. inform the defendant concerning (1) the nature of the charge; (2) the right to assistance of counsel; (3) the right to confront witnesses against the defendant; (4) the right to a jury trial; and (5) the privilege against self-incrimination; and
>
> b. examine the defendant to determine that he or she understands the foregoing.
>
> 2. Additionally, the record must establish that
>
> a. there is a factual basis for the plea; and
>
> b. the defendant knew the range of penalties for the crime with which he or she is charged.

223 Neb. at 820, 394 N.W.2d at 883. Accord *State v. Walker*, 235 Neb. 85, 453 N.W.2d 482 (1990).

> [W]hile in order for a defendant to enter a voluntary and intelligent plea of guilty, he or she must know the penalty for the crime to which he or she is pleading, and although it is preferable that such knowledge be imparted by the judge accepting the plea, it is nonetheless possible to prove the defendant's knowledge by other means.

*State v. Mentzer*, 233 Neb. 843, 845-46, 448 N.W.2d 409, 410-11 (1989). Accord *State v. Fischer*, 220 Neb. 664, 371 N.W.2d 316 (1985). See, also, *State v. Irish, supra*.

Because the district court, before accepting White's nolo contendere plea to the assault charge, failed to inform White concerning the penalties possible on conviction for that charge, we look elsewhere in the record to determine whether White knew the range of penalties for conviction on the assault charge.

The record clearly establishes that before White pled nolo contendere to both charges, the court informed White that the

penalty range for the attempted robbery conviction was imprisonment for a minimum term of 1 year and a maximum of 20 years, a fine of $25,000, or both such imprisonment and fine. White's lawyer told him that the total of years for imprisonment on convictions for the attempted robbery charge and the assault charge was 25 years. As a matter of simple arithmetic, if there was a total of 25 years on both charges and a maximum term of 20 years on the attempted robbery charge, the remainder, namely, 5 years, pertained to the assault charge. Apart from the arithmetic implicit in his lawyer's letter, that is, "the maximum possible sentences . . . can be up to 25 years in prison," White's lawyer supplied credible testimony which, if believed by the district court, established that the lawyer informed White concerning the range of possible penalties for a conviction on the assault charge, a "maximum term of imprisonment of five years or a fine of $10,000 or both." Although White denied receipt of that information from his lawyer, whether such information was actually imparted from the lawyer to White was a question of witness credibility and a factual determination for the district court. Consequently, there is evidence which supports a finding that White knew that the maximum term of imprisonment for a conviction on the assault charge was 5 years, as specified in § 28-105(1). Also, from the testimony of White's lawyer, there is evidence that White was supplied with information concerning a fine on the assault charge, namely, a $10,000 fine, or both the statutorily specified imprisonment and fine.

Therefore, we are unable to conclude that the district court's findings on White's motion for postconviction relief were clearly erroneous. See, *State v. Williams*, 224 Neb. 114, 396 N.W.2d 114 (1986); *State v. Dixon*, 237 Neb. 630, 467 N.W.2d 397 (1991); *State v. Clear*, 236 Neb. 648, 463 N.W.2d 581 (1990).

Consequently, in accordance with *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), we conclude that White is not entitled to postconviction relief; hence, the judgment of the district court is affirmed.

AFFIRMED.