STATE OF NEBRASKA, APPELLEE, V. MILTON MOSS, APPELLANT.
480 N.W.2d 198

Filed February 21, 1992. · No. A-90-397.

Curtis L. Maschman, of Kotouc, Fankhauser & Maschman, for appellant.

Robert M. Spire, Attorney General, Donald A. Kohtz, and, on brief, LeRoy W. Sievers for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

Milton Moss appeals from the judgment of the district court for Richardson County, which denied Moss' request for postconviction relief under Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1989).

## MOSS' CONVICTION

Initially, Moss entered his "not guilty" plea to the charge of escape, a Class III felony. See Neb. Rev. Stat. § 28-912 (Reissue 1989). On December 15, 1988, pursuant to a plea agreement, Moss pled guilty to the amended charge of failure to appear before the court which had authorized Moss' release from custody on his personal recognizance, that is, a violation of Neb. Rev. Stat. § 29-908 (Reissue 1989), which states in part:

Whoever is charged with a felony and is released from custody under bail, recognizance, or a conditioned release and willfully fails to appear before the court granting such release when legally required or to surrender himself within three days thereafter, shall be guilty of a Class IV felony, in addition to any other penalties or forfeitures provided by law.

In exchange for Moss' guilty plea to the charge of failure to appear, the State agreed not to seek enhanced punishment for Moss pursuant to Nebraska's habitual criminal statute. See Neb. Rev. Stat. § 29-2221 (Reissue 1989).

Before the court accepted Moss' plea, the court informed Moss concerning the nature of the charge against him and explained Moss' rights in accordance with the requisites of *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986) (information and

admonition prerequisite to a defendant's valid plea of guilty or nolo contendere). The court also interrogated Moss and established that Moss understood the information required by *Irish*, including the possible penalty for a conviction for failure to appear. See Neb. Rev. Stat. § 28-105(1) (Reissue 1985) (penalty for a Class IV felony). Additionally, the district court inquired into Moss' understanding of the plea agreement under which Moss was entering his plea of guilty.

The State offered a factual basis which established that Moss had twice been convicted of being an accessory to commission of a felony and that, on January 14, 1988, he was sentenced to 2 years' imprisonment on each of those convictions, with sentences to be served concurrently. However, on the convictions for being an accessory to commission of a felony and at Moss' request, the district court had "suspended" execution of the sentences to allow Moss' attendance at an inpatient alcohol rehabilitation program and ordered Moss to "[r]eport to the Sheriff of Richardson County for delivery to the Department of Corrections" on May 1, 1988, to begin serving the sentences imposed on January 14. Although Neb. Rev. Stat. § 29-2202 (Reissue 1989) allows a court to suspend execution of a sentence for 90 days after imposition of sentence, none questions the period of suspension in Moss' case. Moss was released on his own recognizance, presumably for the rehabilitation program, but failed to present himself to the sheriff of Richardson County on May 1, 1988, in accordance with the court's January 14 order. On May 4, 1988, Moss was charged with escape, and a warrant was issued for his arrest on that charge. Subsequently, Moss was arrested in the State of Utah and was returned to Richardson County, Nebraska.

Moss did not contest or complain about any aspect of the factual information which the State presented as a basis for the failure to appear charge against him. The court accepted Moss' guilty plea to the charge of failure to appear and found Moss guilty as charged.

At the sentence hearing, Moss contended that the January 14, 1988, order, which required him to report to the Richardson County sheriff on May 1, 1988, was confusing, and accordingly, Moss requested that the court consider his

"confusion" as a factor affecting any sentence to be imposed. Specifically, Moss stated that the language regarding "suspending" his sentence until May 1 led him to believe that he needed to "commit another crime or something to violate a suspended sentence." However, after extensive questioning by the district court concerning Moss' understanding of the order entered on January 14, Moss stated: "Well, I understand I was supposed to be back the first of May. I understand that part of it, Your Honor." The court thereafter sentenced Moss to imprisonment for 20 to 60 months, to be served concurrently with the sentences previously imposed for Moss' two felony convictions as an accessory to commission of a felony.

On direct appeal to this court, Moss' sole assignment of error was excessiveness of the sentences imposed. However, this court affirmed Moss' convictions and sentences. See *State v. Moss*, 233 Neb. xxxi (case No. 89-669, Nov. 9, 1989).

## POSTCONVICTION PROCEEDINGS

Subsequently, Moss filed a motion for postconviction relief and claimed that his conviction for failure to appear was constitutionally invalid. See § 29-3001 et seq. Moss asserted that before entry of his guilty plea to the charge of failure to appear, he had not been informed of a possible defense, hereinafter described, to the charge of failure to appear and, therefore, was denied his constitutional right to effective assistance of counsel concerning his conviction for failure to appear.

In an evidentiary hearing on Moss' postconviction motion, the evidence, for the most part, related to Moss' claim that he was never supplied with information about a possible defense to the charge of failure to appear. Specifically, Moss claimed that because the district court had ordered him to "report to the Sheriff of Richardson County" rather than personally "appear" before the court, an essential element of the failure to appear charge, as defined by § 29-908, was missing, namely, willful failure "to appear before the court granting such release." Moss argued that since he was not ordered to "appear" personally and directly before the court on May 1, 1988, he did not violate § 29-908. Evidence on Moss' ineffective

assistance of counsel claim pertained to the fact that before Moss pled guilty, his lawyer failed to recognize the possible defense to the charge of failure to appear, as reflected above in Moss' argument, and advise Moss accordingly. Also, Moss contended that his appellate counsel in the direct appeal failed to raise the issue of ineffectiveness of counsel who had represented Moss at the time of conviction and that, therefore, appellate counsel also rendered ineffective assistance in representing Moss in the direct appeal.

The district court denied postconviction relief to Moss and expressly found that the evidence demonstrated that (1) trial counsel diligently and effectively represented and advised Moss; (2) Moss knowingly, voluntarily, and intelligently entered his plea of guilty and waived his right to object to the sufficiency of the factual basis of the charge; and (3) Moss' appellate counsel diligently and effectively represented and advised Moss in his direct appeal to this court.

## ASSIGNMENTS OF ERROR

In his brief, Moss contends that his "assignments of error all center upon two main contentions," viz, (1) Moss had a valid defense to the charge of failure to appear and (2) Moss' trial and appellate counsel "never advised" him of the defense before entry of his guilty plea or during Moss' direct appeal. Brief for appellant at 5.

Although Moss has also claimed that his guilty plea to the failure to appear charge was not knowingly, voluntarily, and intelligently entered and has further claimed that the State failed to present a factual basis for his guilty plea, Moss has not supported those two claims, as assignments of error, by argument in his appellate brief.

" 'To be considered by the Supreme Court, an error must be assigned and discussed in the brief of one claiming that prejudicial error has occurred.' " *Chambers-Dobson, Inc. v. Squier*, 238 Neb. 748, 754-55, 472 N.W.2d 391, 397 (1991). Accord, *Federal Land Bank of Omaha v. Victor*, 232 Neb. 351, 440 N.W.2d 667 (1989); *State v. Copple*, 224 Neb. 672, 401 N.W.2d 141 (1987); Neb. Ct. R. of Prac. 9D(1)d (rev. 1991). For the foregoing reason, we do not address Moss' two

unargued claims as assignments of error.

## STANDARD OF REVIEW

"In an evidentiary hearing, as a bench trial provided by §§ 29-3001 et seq. for postconviction relief, the trial judge, as the 'trier of fact,' resolves conflicts in evidence and questions of fact, including witness credibility and weight to be given a witness' testimony. [Citation omitted.] In an appeal involving a proceeding for postconviction relief, the trial court's findings will be upheld unless such findings are clearly erroneous."
*State v. White*, 238 Neb. 840, 844-45, 472 N.W.2d 720, 724 (1991). Accord, *State v. Dixon*, 237 Neb. 630, 467 N.W.2d 397 (1991); *State v. Clear*, 236 Neb. 648, 463 N.W.2d 581 (1990).

## DISCUSSION

Moss contends that defense counsel who represented Moss at the hearing which resulted in Moss' conviction, and the lawyer who represented Moss in his direct appeal, failed to represent Moss competently because counsel failed to advise him of the defense suggested by Moss to the failure to appear charge, i.e., the court's order that Moss present himself to the Richardson County sheriff rather than personally appear before the court.

"In a proceeding under the Nebraska Postconviction Act, the movant, in custody under sentence, must allege facts which, if proved, constitute a denial or violation of the movant's rights under the Nebraska or federal Constitution, causing the judgment against the movant to be void or voidable." *State v. Start*, 229 Neb. 575, 577-78, 427 N.W.2d 800, 802 (1988). Accord *State v. White, supra.*

[T]o sustain a claim of ineffective assistance of counsel as a violation of the sixth amendment to the U.S. Constitution and thereby obtain reversal of a defendant's conviction, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.
*State v. Hawthorne*, 230 Neb. 343, 347, 431 N.W.2d 630, 633

(1988). Accord, *State v. White, supra*; *State v. Dixon, supra*. See *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

"To determine whether counsel's performance is deficient in representation of a criminal defendant, the standard is whether an attorney, in representing the accused, performed at least as well as a lawyer with ordinary training and skill in the defense of a criminal case." *State v. Dixon*, 237 Neb. at 634, 467 N.W.2d at 402. "In order to satisfy the prejudice requirement in the context of a plea, the defendant must show there is a reasonable probability that but for counsel's errors, the defendant would not have pled and would have insisted upon going to trial." *State v. Rehbein*, 235 Neb. 536, 538, 455 N.W.2d 821, 824 (1990). Accord, *State v. White, supra*; *State v. Domingus*, 234 Neb. 267, 450 N.W.2d 668 (1990).

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. . . ."

*State v. Hawthorne*, 230 Neb. at 347, 431 N.W.2d at 633 (quoting from *Strickland v. Washington, supra*). Accord, *State v. White, supra*; *State v. Dixon, supra*; *State v. Bostwick*, 233 Neb. 57, 443 N.W.2d 885 (1989).

Although Moss' counsel at trial and on direct appeal did not raise the "defense" now urged by Moss, the factual basis offered by the State supplied adequate information to sustain Moss' guilty plea to the charge of failure to appear. In *State v. Valdez*, 236 Neb. 627, 630, 463 N.W.2d 326, 328-29 (1990), we stated:

To sustain a conviction under § 29-908, the State must establish that (1) defendant was charged with a felony; (2) defendant was released from custody under bail, recognizance, or a conditioned release; and (3) defendant willfully failed (a) to appear before the court when legally required or (b) to surrender himself within 3 days

thereafter.

Consequently, the issue in Moss' present appeal is whether failure to "report to the Sheriff" pursuant to the court's order is equivalent to failure to "appear before the court" and, therefore, is conduct which is condemned and penalized under § 29-908.

The federal "failure to appear" statute, presently 18 U.S.C. § 3146 (1988) and formerly 18 U.S.C. § 3150 (1982), is similar to § 29-908 and provides:

> (a) OFFENSE.—Whoever, having been released under [18 U.S.C. § 3141 et seq.] knowingly—
>
> (1) fails to appear before a court as required by the conditions of release; or
>
> (2) fails to surrender for service of sentence pursuant to a court order;
>
> shall be punished as provided [in this act].

Federal courts construing the "failure to appear" provision in the federal Bail Reform Act have consistently held that a defendant's willful failure to appear before a U.S. marshall to commence serving a sentence imposed does constitute a failure to appear before a court, a violation of the federal act; see, e.g., *United States v. Harris*, 544 F.2d 947 (8th Cir. 1976) (one released under the Bail Reform Act is under the continuing jurisdiction of the court, which is empowered to designate the time and the place for the defendant to report to a U.S. marshall as the person to take custody of the defendant). In *United States v. West*, 477 F.2d 1056, 1058 (4th Cir. 1973), the court stated:

> The essence of the crime of bail jumping is willful failure to appear before "any court or judicial officer as required." As a condition of defendant's bond, the court ordered him to report to the United States Marshal at a specific time to begin serving his sentence. An unnecessary waste of judicial time and energy would result if we were to require that each person in West's position appear before the court itself. No discretionary action at all is involved.

See, also, *United States v. Wells*, 766 F.2d 12 (1st Cir. 1985) (a person's willful failure to report at a designated place and time

to begin serving a prison sentence constitutes a violation of the federal Bail Reform Act); *United States v. Burleson*, 638 F.2d 237 (10th Cir. 1981) (requiring a defendant to appear personally before a court, solely for delivery into custody of a U.S. marshall, is an unnecessary waste of judicial time; therefore, a court's direction that a defendant appear before the marshall, rather than personally before the court which has entered the order for the defendant's appearance, does not prevent sanctions under the federal Bail Reform Act). Cf. *Foster v. State*, 372 N.W.2d 468 (S.D. 1985) (a defendant's willful failure to appear before a law enforcement officer as required by a lawful court order constitutes a violation of the South Dakota statute requiring a defendant's appearance before the court which authorized the defendant's release from custody and later surrender to commence serving a sentence imposed).

It is, of course, a settled principle of statutory construction that "[a] penal statute is given a strict construction which is sensible and prevents injustice or an absurd consequence." *State v. Crowdell*, 234 Neb. 469, 473, 451 N.W.2d 695, 698 (1990). Accord *Wounded Shield v. Gunter*, 225 Neb. 327, 405 N.W.2d 9 (1987).

Accordingly, the fact that a court, in conjunction with sentencing a defendant, orders the defendant to report or appear before a designated officer legally authorized to take custody of the defendant, rather than to personally appear before the sentencing court, does not preclude sanctions for noncompliance with the court's order concerning the defendant's release on personal recognizance and later surrender into custody to commence serving a sentence imposed. Cf. *United States v. Harris, supra.* We do not state or imply that a sheriff is a judicial officer who acts as an alter ego or agent for the sentencing court. We hold, however, that if a convicted defendant, released under recognizance or a conditioned release, willfully fails to comply with a sentencing court's order to report to a court-designated officer who is legally authorized to take custody of convicted defendants, so that the defendant may commence serving an imposed sentence, the defendant's noncompliance is failure "to appear before the court" which sentenced and released the defendant,

and constitutes a violation of § 29-908. Consequently, Moss' failure to surrender himself to the sheriff on May 1, 1988, as ordered by the district court, was a failure to appear before the court and, therefore, was a violation of § 29-908.

Since Moss' suggested defense to the charge of failure to appear was legally untenable under the circumstances and would have been a frivolous defense if asserted, any alleged failure on the part of Moss' lawyers to raise the issue of the defense suggested by Moss did not result in prejudice to Moss. Most assuredly, we recognize that Moss has sustained prejudice by restricted liberty as the result of his imprisonment in the Nebraska Penal and Correctional Complex, but, in view of Moss' allegation regarding a constitutionally invalid conviction, it is prejudice from ineffective assistance of counsel which Moss must demonstrate to sustain his claim for postconviction relief. Therefore, Moss has failed to show prejudice, one of the requirements to sustain a claim based on ineffective assistance of counsel. See, *State v. White*, 238 Neb. 840, 472 N.W.2d 720 (1991); *State v. Hawthorne*, 230 Neb. 343, 431 N.W.2d 630 (1988); *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Accordingly, we cannot conclude that the trial court was clearly erroneous in its conclusion that Moss is not entitled to postconviction relief; hence, we affirm the district court's judgment.

AFFIRMED.