STATE OF NEBRASKA, APPELLEE, V. JOHN SOBIESZCZYK, APPELLANT.
507 N.W.2d 660

Filed October 12, 1993.    No. A-92-1091.

John Sobieszczyk, pro se.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

CONNOLLY, HANNON, and MILLER-LERMAN, Judges.

CONNOLLY, Judge.

This appeal arises from the trial court's denial of a motion for postconviction relief filed by the appellant, John Sobieszczyk. Sobieszczyk's defense counsel represented Sobieszczyk and another defendant, Steve Moran, in pretrial proceedings. Two of the multiple counts against each of the defendants were identical charges arising out of the same incident. Pursuant to a plea bargain, Sobieszczyk was convicted of two counts of distribution of a controlled substance under Neb. Rev. Stat. § 28-416 (Reissue 1989) and one count of attempted distribution of a controlled substance under § 28-416 and Neb. Rev. Stat. § 28-201 (Reissue 1989). In his petition for postconviction relief, Sobieszczyk alleged that the joint representation by defense counsel resulted in a conflict of interest prejudicial to his right to effective assistance of counsel. Sobieszczyk asked the trial court to vacate and set aside his convictions. After an evidentiary hearing, the trial court denied Sobieszczyk's petition. We affirm.

## I. FACTS

As a result of an undercover operation, Sobieszczyk and Moran were charged, inter alia, with unlawful distribution of

marijuana and lysergic acid diethylamide (LSD) arising from the same incident occurring on September 28, 1990. Sobieszczyk and Moran were represented by the deputy public defender. The parties did not make a joint court appearance at any time in their pretrial proceedings.

On the advice of defense counsel, Sobieszczyk entered guilty pleas in accordance with the terms of a plea bargain. Moran also participated in the plea bargain. Sobieszczyk pled guilty to the same two counts with which Moran was initially charged in relation to the incident of September 28, 1990. Sobieszczyk also pled guilty to attempted distribution of methamphetamine. Moran pled guilty to two counts of unlawful distribution of a controlled substance arising from an incident occurring on March 15, 1990. Apparently, the charges arising from the September 28 incident were dismissed as to Moran.

Sobieszczyk was convicted of two counts of unlawful distribution of a controlled substance (one count for marijuana and the other for LSD) pursuant to § 28-416(1)(a). On each count, Sobieszczyk was sentenced to a prison term of 6 to 10 years. In addition, Sobieszczyk was convicted of attempted unlawful distribution of a controlled substance (methamphetamine) under §§ 28-416(1)(a) and 28-201, for which he received a prison sentence of 1 to 3 years. All sentences were ordered to be served concurrently. At the time Sobieszczyk entered his pleas, he acknowledged the factual basis for the crimes charged. Sobieszczyk appealed his convictions, and the Nebraska Supreme Court affirmed.

In his motion for postconviction relief and at his postconviction hearing, Sobieszczyk claimed that defense counsel had never disclosed that he was also representing Moran on the charges stemming from the September 28, 1990, incident. Defense counsel testified at the postconviction hearing that some time after Sobieszczyk's preliminary hearing on November 16, but before his arraignment on December 14, he discussed with Sobieszczyk the fact that he had also been appointed to represent Moran. Defense counsel testified that his usual practice would have been to discuss the joint representation to determine whether either of the parties had a problem with his representation. According to defense counsel,

at no time prior to the motion for postconviction relief did Sobieszczyk indicate that there was a problem with the joint representation. Defense counsel further testified that since Sobieszczyk and Moran appeared in court at different times, the problem was not discussed with the trial court.

The trial court expressed its criticism of the practice of joint representation in the context of this case, but found that Sobieszczyk had failed to show an actual conflict of interest on the part of his trial counsel such that Sobieszczyk's right to effective assistance of counsel was prejudiced. The request for postconviction relief was denied.

## II. ASSIGNMENTS OF ERROR

Sobieszczyk argues that the trial court erred (1) in failing to find an actual conflict of interest on the part of defense counsel, (2) in failing to rule that defense counsel breached his ethical duty by representing Sobieszczyk and Moran, (3) in failing to find that defense counsel failed to obtain Sobieszczyk's consent to joint representation in the record, and (4) in ignoring the greater weight of the evidence that defense counsel had not zealously represented both Sobieszczyk and Moran.

## III. STANDARD OF REVIEW

In an evidentiary hearing for postconviction relief pursuant to Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1989 & Cum. Supp. 1992), the trial judge, as the trier of fact, resolves conflicts in evidence and questions of fact, including witness credibility and the weight to be given a witness' testimony. *State v. Moss*, 240 Neb. 21, 480 N.W.2d 198 (1992); *State v. White*, 238 Neb. 840, 472 N.W.2d 720 (1991).

A criminal defendant seeking postconviction relief has the burden of establishing a basis for such relief, and the findings of the trial court will not be disturbed unless clearly erroneous. *State v. Johnson*, 243 Neb. 758, 502 N.W.2d 477 (1993); *State v. Russell*, 239 Neb. 979, 479 N.W.2d 798 (1992).

## IV. ANALYSIS

### 1. ACTUAL CONFLICT OF INTEREST

Sobieszczyk argues that defense counsel had an actual conflict of interest that affected his ability to represent

Sobieszczyk because defense counsel was prevented from utilizing every possible defense, from calling and cross-examining witnesses, and from being able to put Sobieszczyk in the best light.

Multiple representation by the same attorney does not give rise to a denial of a defendant's Sixth Amendment right to effective assistance of counsel unless an actual conflict exists and that conflict affects the performance of counsel. *State v. Wilson*, 224 Neb. 721, 400 N.W.2d 869 (1987). A sole attorney's multiple representation of codefendants is not a per se violation of the constitutional guarantee of effective assistance of counsel. *State v. Turner*, 218 Neb. 125, 354 N.W.2d 617 (1984). Prejudice is presumed only if a defendant demonstrates that counsel actually represented conflicting interests and that an *actual conflict of interest* adversely affected his attorney's performance. *Id.* Conflict of interest must be actual rather than speculative or hypothetical before a conviction can be overturned on the ground of ineffective assistance of counsel. *Id.*

In determining whether there was an actual conflict of interest, the court may consider whether Sobieszczyk objected to his counsel's representation of Moran and whether Sobieszczyk acknowledged or corroborated the factual basis for the crime. See *id.* In the instant case, Sobieszczyk acknowledged the factual basis for his guilty pleas. In the postconviction proceeding, the court concluded that defense counsel had raised the subject of joint representation to Sobieszczyk and that Sobieszczyk had not objected. The record reflects that Sobieszczyk's focus was not on establishing a defense at trial, but on obtaining the best plea bargain. Defense counsel obtained a dismissal of two felony charges for unlawful distribution of a controlled substance. In reviewing the record, we cannot say that the trial court was clearly erroneous in finding that there was no actual conflict of interest.

## 2. BREACH OF ETHICAL DUTY

Sobieszczyk alleges that defense counsel breached an ethical duty by jointly representing Sobieszczyk and Moran. Resolution of the issue would not affect the outcome of this

appeal. Regardless of whether defense counsel breached an ethical duty by engaging in joint representation in this case, we agree with the trial court that no actual conflict of interest was proven and that, consequently, Sobieszczyk's right to effective assistance of counsel was not prejudiced. Therefore, we do not reach the question of whether defense counsel breached an ethical duty by jointly representing Sobieszczyk and Moran.

### 3. SOBIESZCZYK'S CONSENT TO JOINT REPRESENTATION

The actual wording of this assignment of error is that the trial court "committed error by failing to find that defense counsel failed to obtain Defendant's informed consent of the actual conflict on the record or in writing that Defendant understood the conflict." On its face, the assignment of error implies that the trial court ruled that defense counsel had made a record of Sobieszczyk's consent to the joint representation. The trial court made no such finding, and defense counsel never suggested that Sobieszczyk's consent to joint representation had been preserved in the record. We can make sense of this assignment of error only by construing it to mean that Sobieszczyk believes that the trial court erred in concluding that defense counsel had informed Sobieszczyk of the joint representation. The trial court weighed the credibility of the witnesses and determined that defense counsel was telling the truth when he testified that he had informed Sobieszczyk of the joint representation. While the better practice by defense counsel would have been to address the matter of joint representation on the record, the trial court's finding that Sobieszczyk was advised of the joint representation was not clearly erroneous.

### 4. GREATER WEIGHT OF THE EVIDENCE

The only substantive argument provided by Sobieszczyk to support this assignment of error is found in his reply brief and reads as follows:

> It can clearly and easily be argued that the Appellant was clearly put at a disadvantage by his attorney's representation of co-defendants charged with two identical charges stemming from the same transaction. The actual conflict of interest is shown clearly by the fact

> Mr. Sobieszczyk pled to the two mutual charges with [sic] his co-defendant pled to two separate charges.

Reply brief for appellant at 5. We are unable to discern from the two sentences proffered by Sobieszczyk on this issue an intelligible argument concerning the greater weight of the evidence.

■ The trial court indicated that at the postconviction hearing, Sobieszczyk argued that defense counsel's failure to zealously represent him was evidenced by the fact that he received a harsher sentence than Moran received for similar convictions. The trial court correctly pointed out that many factors could account for the fact that Sobieszczyk and Moran received different sentences for the same or similar crimes. The Nebraska Supreme Court has stated:

> "[T]he mere fact that a defendant's sentence differs from those which have been imposed on coperpetrators in the same court does not, in and of itself, make the defendant's sentence an abuse of discretion; each defendant's life, character, and previous conduct may be considered in determining the propriety of the sentence."

*State v. Vance*, 240 Neb. 794, 800-01, 484 N.W.2d 453, 458 (1992). The fact that Sobieszczyk received a harsher sentence than Moran does not establish by the greater weight of the evidence that defense counsel failed to zealously represent Sobieszczyk. This assignment of error is without merit.

## V. CONCLUSION

We find no prejudice to Sobieszczyk's right to effective assistance of counsel. Therefore, we affirm the judgment of the trial court denying the motion for postconviction relief. However, we join the trial court in discouraging joint representation in cases like the one now before us. The Nebraska Supreme Court has stated that

> unless it appears that there is good cause to believe no conflict is likely to arise, the court shall take such measures as may be appropriate to protect each defendant's right to counsel in cases involving joint and multiple representation of criminal defendants.
>
> In carrying out such responsibility the court should

elicit a narrative response from each defendant that he has been advised of his right to effective representation, that he understands the details of his attorney's possible conflict of interest and potential perils of such conflict, that he has discussed the matter with his attorney or, if he wishes, with outside counsel, and that he voluntarily waives his right to a conflict-free attorney required under the Constitutions, state and federal. [Citations omitted.] Judges should inquire with as much detail as the court's experience and knowledge of the case will permit, and should bear in mind that most defendants are rarely sophisticated enough to evaluate potential conflicts which may arise from joint and multiple representation. *State v. Turner*, 218 Neb. 125, 137-38, 354 N.W.2d 617, 625 (1984).

If, as in this case, the trial court is not aware of a potential conflict of interest because the parties do not make simultaneous court appearances, it then becomes the duty of trial counsel to bring the issue to the attention of the court so that the court can address the matter in the manner prescribed in *State v. Turner, supra*.

AFFIRMED.