STATE OF NEBRASKA, APPELLEE, V.
HEATHER DUBRAY, APPELLANT.
560 N.W.2d 189

Filed February 25, 1997.   No. A-96-424.

Thurman Gay for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

MILLER-LERMAN, Chief Judge, and IRWIN and SIEVERS, Judges.

Irwin, Judge.

## INTRODUCTION

Heather DuBray appeals her sentence of not less than 4 nor more than 4 years' imprisonment, with credit for time served. DuBray was convicted of second degree assault in the district court for Cherry County. On appeal, she claims her sentence was excessive. For the reasons stated below, we affirm.

## FACTUAL BACKGROUND

On the evening of October 14, 1995, DuBray and three male friends had been drinking most of the night, and when the bar closed, they went to a Gas 'N Shop to purchase more beer. The clerk on duty advised them that it was after 1 a.m. and that they could not purchase beer. DuBray's three friends left the store and attacked a store patron, George Bloom, in the parking lot. Bloom's friend, Rodney Laudenklos, was in the store at that time and went outside to help Bloom. Laudenklos was then attacked by the three men. DuBray left the store, and after the three men shoved Laudenklos to the ground and one of them stole $175 from his wallet, DuBray kicked his head repeatedly. Laudenklos sustained a fracture of the right orbital that resulted in the loss of sight in his right eye, which may be permanent.

DuBray and her three friends then took off in a car and led the police on a chase which ended in a car crash on the Rosebud Indian Reservation in South Dakota. One of the men ran from the scene but was later arrested. The other three passengers were taken to the hospital, treated, released, and arrested.

DuBray was originally charged with first degree assault. Through a plea agreement, she agreed to plead no contest in exchange for the State's amending the charge to second degree assault. The court accepted her no contest plea and ordered a presentence investigation. DuBray was sentenced to the Nebraska Center for Women at York for a term of not less than 4 nor more than 4 years, with credit given for 35 days' time served. She was also ordered to pay the costs of prosecution. This appeal timely followed.

## ANALYSIS

As stated above, the sole issue before us is whether the sentence imposed was excessive. A sentence within the statu-

tory limits will not be disturbed upon appeal absent an abuse of discretion. *State v. McBride*, 250 Neb. 636, 550 N.W.2d 659 (1996); *State v. Jackson*, 4 Neb. App. 413, 544 N.W.2d 379 (1996). In imposing a sentence, a sentencing judge should consider the defendant's age, mentality, education, experience, and social and cultural background, as well as his or her past criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime. *State v. Orduna*, 250 Neb. 602, 550 N.W.2d 356 (1996); *State v. Ladig*, 248 Neb. 737, 539 N.W.2d 38 (1995).

DuBray argues that her sentence is excessive because her criminal history was not "extensive"; she is the mother of a young, dependent child; and she is a Native American. DuBray was sentenced to a term of imprisonment of not less than 4 nor more than 4 years, with credit given for time served. DuBray was convicted of second degree assault, a Class IV felony, in violation of Neb. Rev. Stat. § 28-309 (Reissue 1995). A Class IV felony is punishable by 0 to 5 years' imprisonment, a $10,000 fine, or both. Neb. Rev. Stat. § 28-105 (Reissue 1995).

DuBray's sentence is within the statutory limits. Furthermore, the presentence investigation report in this case shows that DuBray has two prior convictions for assault in South Dakota for which she received suspended sentences. It also shows that she has a problem with alcohol and that her only period of employment was from January 1996 to the time of trial. In addition, DuBray continues to contend that she does not remember kicking the victim and does not think that she did so. DuBray's contentions are contrary to the reports of other witnesses to the incident. The presentence investigation report shows that the victim suffered considerably and may not regain his sight in his right eye. After considering the relevant factors, we cannot conclude that DuBray's sentence was an abuse of discretion on this basis.

DuBray also argues that her sentence was "far more severe than any of her male non-American Indian co-defendants." Brief for appellant at 4. However, it is well established that the mere fact that a defendant's sentence differs from those which have been imposed on coperpetrators in the same court

does not, in and of itself, make the defendant's sentence an abuse of discretion; each defendant's life, character, and previous conduct may be considered in determining the propriety of the sentence. See, *State v. Boppre*, 234 Neb. 922, 453 N.W.2d 406 (1990); *State v. Sobieszczyk*, 2 Neb. App. 116, 507 N.W.2d 660 (1993). Additionally, the Nebraska Supreme Court has refused to attempt to compare sentences when alleged coperpetrators are not convicted of the same crimes. See *State v. High*, 225 Neb. 690, 407 N.W.2d 776 (1987).

In the case before us, one of DuBray's codefendants was convicted of aiding and abetting second degree assault, a Class IV felony, and was sentenced to a term of imprisonment of not less than 18 nor more than 18 months, with credit for time served. See, Neb. Rev. Stat. §§ 28-206 and 28-309 (Reissue 1995); § 28-105. The other codefendant was convicted of aiding and abetting second degree assault, for which he was sentenced to a term of imprisonment of not less than 24 nor more than 24 months, with credit for time served. See *id*. This codefendant was also convicted of third degree assault, a Class II misdemeanor, for which he was sentenced to a term of imprisonment of not less than 2 nor more than 2 months, time to be served consecutively. See Neb. Rev. Stat. §§ 28-310 and 28-106 (Reissue 1995). The codefendants' presentence investigation reports are not included in the record before us, and therefore we cannot compare their previous histories.

Based on the witnesses' reports, DuBray kicked the victim in the head. As a result, the victim suffered damage to his eyesight. In addition, the record shows that DuBray has been convicted of assault on two previous occasions. Based on the record before us, we cannot conclude that the district court abused its discretion in sentencing DuBray more harshly than her codefendants.

We also note that the situation before us is similar to that in *State v. Wilson*, 4 Neb. App. 489, 546 N.W.2d 323 (1996). In *Wilson*, the defendant was sentenced to consecutive terms of imprisonment of not less than 40 nor more than 40 years on an attempted second degree murder conviction, not less than 2 nor more than 2 years on a robbery conviction, and not less than 20 nor more than 20 years on a use of a weapon to commit a felony conviction. At the sentencing hearing, the trial judge indicated

to the defendant, " 'I think they will release you in 31 years.' "
*Id.* at 501, 546 N.W.2d at 332.

On appeal, the majority of the panel in *Wilson* reversed the
sentence and remanded the case for resentencing. The *Wilson*
majority stated that although the defendant was sentenced
essentially to a definite term of years, the lower court attempted
to set a minimum and maximum limit as to each sentence. *State
v. Wilson, supra.* It appears that the critical point in *Wilson* was
the sentencing judge's comments taken together with the sen-
tence actually imposed. The *Wilson* majority found it unclear
what the lower court intended to do in imposing the sentences
as it did, that is, whether it meant that the defendant would be
eligible for parole in 31 years or eligible for full discharge at
that time. *Id.* For these reasons, the *Wilson* court concluded that
the sentences were not sufficiently certain. *Id.*

The factual situation before us is slightly different than that
in *Wilson, supra.* It is clear from the record that the trial judge
intended to sentence DuBray to 4 years' imprisonment (which
results typically in a period of actual incarceration of approxi-
mately 2 years). At the sentencing hearing, the trial judge indi-
cated to DuBray that if she lost none of the good time for which
she was eligible, she "must serve two years, less 35 days, on
your minimum term before attaining parole eligibility, and must
serve two years, less 35 days, on your maximum term, before
attaining mandatory release."

The present Nebraska indeterminate sentencing statute,
Neb. Rev. Stat. § 29-2204 (Reissue 1995), states, in relevant
part: "[I]n imposing an indeterminate sentence upon an
offender the court shall: (a) Fix the minimum and maximum
limits of the sentence to be served within the limits provided by
law . . . ." Nothing in § 29-2204 mandates that an indeterminate
sentence be imposed. Compare *State v. Hedglin*, 192 Neb. 545,
222 N.W.2d 829 (1974) (concluding under former statutes that
all sentences except life imprisonment are indeterminate
sentences).

There is nothing in the current statutes requiring the mini-
mum and maximum limits of a sentence to be different or that a
separate minimum sentence must be imposed. Prior to 1993,
Nebraska statutes provided that the minimum sentence fixed by

the court could not be "more than one-third of the maximum term." Neb. Rev. Stat. § 83-1,105(1) (Reissue 1987) (repealed by 1993 Neb. Laws, L.B. 529). There is no similar provision in the current statutes. Current statutes also do not provide a minimum sentence when a definite term of years is imposed by the sentencing court. Prior to the 1993 amendments, Nebraska statutes provided that if a definite term of years was imposed, "the maximum term of the sentence shall be the term imposed by the court and the minimum term shall be the minimum sentence provided by law . . . ." § 83-1,105(2).

In addition, the language used in the statutes found in chapter 83 regarding the determination of credits for time served and the determination of dates for parole and full discharge does not require indeterminate sentencing in the sense that the maximum and minimum terms must differ or that there must be a minimum sentence imposed. In particular, Neb. Rev. Stat. § 83-1,106(1) and (2) (Reissue 1994) speaks of "[c]redit against the maximum term and *any* minimum term . . . ." (Emphasis supplied.)

## CONCLUSION

■ The factual situation before us is different than that in *Wilson, supra*. The sentence imposed by the district court of not less than 4 nor more than 4 years' imprisonment was proper under current Nebraska statutes. In summary, we conclude that current Nebraska law does not require that a sentence even include two terms of years as was the practice before 1993, when the judge would pronounce two terms of years or pronounce only one term of years and § 83-1,105(2) would operate to fix the second term of years.

■ While concluding that two terms of years are not required under the current statutes, we see no reason why the imposition of a sentence such as the one imposed herein of not less than 4 nor more than 4 years' imprisonment is invalid or ambiguous given the judge's remarks at sentencing noted above. It appears that the judge thought he needed to pronounce two numbers, perhaps because of the old statute, § 83-1,105, which provided that the statutory minimum would become effective if he did not pronounce two terms of years. Section 29-2204 makes this

unnecessary now, and if the sentencing court desires to have the defendant serve a determinate number of years, it need pronounce only that one term of years. The applicability of the truth in sentencing statute to the situation before us has not been raised, and therefore, we do not express an opinion on such at the present time.

Finding no error in the sentence imposed, we affirm.

AFFIRMED.