STATE OF NEBRASKA, APPELLEE, V. GARY D. FOSTER, APPELLANT.
398 N.W.2d 101

Filed December 19, 1986.    No. 86-414.

John R. Brogan, for appellant.

Robert M. Spire, Attorney General, and Laura L. Freppel, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

Upon a plea of guilty to operating a motor vehicle while under the influence of intoxicating liquor, third offense (count I), the defendant, Gary D. Foster, was sentenced to jail for 90 days, fined $500, and his operator's license was permanently revoked. Upon a similar plea to resisting arrest (count II), he was sentenced to jail for 3 months, the sentence to run consecutively to the sentence on the first count. On appeal to the district court both judgments were affirmed.

On appeal to this court from the sentence on count I, the defendant makes two assignments of error: (1) The county and district courts erred in improperly enhancing the conviction to DWI, third offense; and (2) Since the conviction was improperly enhanced, the sentence imposed was improper.

The defendant contends that for purposes of enhancement proceedings, a checklist system of recording an arraignment is insufficient to show that an uncounseled defendant knowingly and intelligently waived the right to counsel. This question has previously been resolved against the defendant's position.

The State's burden in proving valid prior convictions for enhancement purposes is only to show that the defendant had or knowingly and voluntarily waived counsel at the time of such convictions. *State v. Hamblin,* 223 Neb. 469, 390 N.W.2d 533 (1986); *State v. Fraser,* 222 Neb. 862, 387 N.W.2d 695 (1986).

In *State v. Ziemba,* 216 Neb. 612, 346 N.W.2d 208 (1984), this court determined that a sufficiently complete checklist or other docket entry could establish a valid waiver of counsel for enhancement purposes. It was further stated: "A checklist or other such docket entry which is made by one authorized to make it imports verity, and unless contradicted it stands as a true record of the event." *State v. Ziemba, supra* at 628, 346 N.W.2d at 218.

In *State v. Ziemba, supra,* we further stated at 619-20, 346 N.W.2d at 213-14:

> In addition to satisfying the requirements set out in *State v. Tweedy, supra,* in regard to accepting pleas of guilty in misdemeanor cases, the enhancement proceeding must satisfy the requirements set out in § 39-669.07 and *State v. Smith, supra. State v. Prichard, supra.* The transcript of a judgment used to prove a prior conviction must show that at the time of the conviction the defendant was represented by counsel or waived his right to counsel. A defendant may, as in *State v. Smith, supra,* object to the admission of the record of a prior conviction on the basis that the record does not affirmatively establish that he was represented by counsel or waived his right to counsel. A transcript of judgment which does not contain such an affirmative showing is not admissible and cannot be used to prove a prior conviction. *State v. Smith, supra.*

> Section 39-669.07(3) now provides that "[t]he defendant shall be given the opportunity to review the record of his or her prior convictions, bring mitigating facts to the attention of the court prior to sentencing, and make objections on the record regarding the validity of such prior convictions."

> There is no requirement that the State prove a prior conviction by a transcript of the judgment if the defendant admits that he was in fact convicted as alleged in the complaint. However, in accepting such a waiver the trial court must address the defendant and ascertain that he was represented by counsel at the time of the prior conviction or waived his right to counsel.

> In either event the trial court is required to advise the defendant that he has a right to review the record of the prior conviction, bring mitigating facts to the attention of the court prior to sentencing, and object to the validity of the prior conviction as provided in § 39-669.07. The defendant, however, cannot relitigate the former conviction in the enhancement proceeding. *State v. Smith,* 213 Neb. 446, 329 N.W.2d 564 (1983). After being advised of his rights under § 39-669.07, the defendant may waive

any or all of those rights. The trial court may then impose sentence or order that a presentence investigation be made.

At the enhancement proceeding in the county court on January 7, 1986, the State offered exhibits 1 and 2, which were received over the defendant's objections. Exhibit 1, a certified transcript from the county court for York County, shows the defendant pleaded no contest on February 27, 1978, to a charge of driving while intoxicated. The defendant objected to exhibit 1 on grounds that it failed to show he was represented by counsel, or knowingly waived that right, and that the checklist employed in making that record did not adequately show he was afforded or informed of his right to counsel. In receiving the exhibit the county court was correct in noting that exhibit 1 did comply with the requirements of law.

Exhibit 2, a certified transcript from the county court for Hamilton County, Nebraska, which was received over the same objections as exhibit 1, consists of a complaint, two checklist-type journal entries, and an order of probation.

The complaint was made on July 24, 1979, and contains an allegation that on that date the defendant committed second offense driving while under the influence. The first journal entry shows the defendant appeared before the Hamilton County Court on July 24, without counsel. The checklist indicates the defendant was informed, inter alia, of his right to retained or appointed counsel, and he knowingly, voluntarily, and intelligently waived that right and entered a plea of guilty to count I.

The county court entered checkmarks next to statements indicating that the defendant entered the plea knowingly and voluntarily and that a factual basis existed for the plea. The court did not, however, place a checkmark next to the statement: "( ) Whereupon the Court accepts the defendant's plea(s) and upon said plea(s) finds the defendant guilty as charged." The matter was set for sentencing July 31, 1979, and for arraignment on count II on that date.

The second journal entry, dated July 31, 1979, again indicates the defendant knowingly waived counsel. The checklist then shows the defendant entered a plea of not guilty

to count II, and the matter was set for trial on August 24, 1979. The nature of count II is unexplained, since the complaint previously referred to charged but one count.

The order of probation, in pertinent part, provides as follows:

GARY D. FOSTER ) ORDER OF PROBATION
Defendant ) (Misdemeanor)

THIS MATTER came on for hearing this <u>24</u> day of <u>August</u>, 19<u>79</u>. The State of Nebraska appeared by <u>Michael J. Owens</u> County Attorney of <u>Hamilton</u> County, Nebraska, and the defendant appeared in person with his attorney, _____. The Court finds that the defendant herein entered his plea of <u>not guilty</u> (was found guilty) on the <u>7th</u> day of <u>July,</u> 19<u>79</u>, to the charge of <u>DWI 2nd offense</u>.

The Court being advised in the premises finds that said defendant is guilty of the said offense as charged in the Complaint.

Exhibit 2 is inadequate for enhancement purposes because it fails to show the defendant was represented by counsel or waived that right.

The July 24, 1979, journal entry shows the defendant waived counsel and pleaded guilty to count I, but it does not indicate that the county court accepted the plea or found the defendant guilty as charged. The order of probation, which is dated August 24, 1979, indicates that the court did in fact convict the defendant of second offense DWI, but fails to satisfy the checklist deficiency because the relevant dates and pleas do not match. The first journal entry shows the defendant pleaded guilty on July 24, 1979, while the probation order shows he pleaded not guilty on July 7, 1979. July 7 is 17 days prior to the date of the offense alleged in the complaint.

The July 31, 1979, journal entry also fails to show the presence of counsel or an intelligent waiver of counsel at the time of the conviction shown in the probation order. The journal entry shows the defendant pleaded not guilty to count II on July 31, 1979, while the order of probation gives July 7 as the date the relevant plea was entered. Thus, while exhibit 2

shows the defendant was convicted of DWI, second offense, the State has failed to prove that the defendant was either represented by counsel or validly waived that right at the time of the conviction. The county court abused its discretion in receiving exhibit 2 for enhancement purposes, over the defendant's objection, because the record failed to show affirmatively that the defendant was represented by counsel or had made a valid waiver of his right to counsel.

A checklist which is used as a substitute for a formal, written journal entry must be prepared with as much care and certainty as any record of a court in order to impart absolute verity.

The judgment on count I, the charge of driving under the influence of intoxicating liquor, third offense, is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.