STATE OF NEBRASKA, APPELLEE, V. FRANK LADIG, APPELLANT.

539 N.W.2d 38

Filed October 27, 1995. No. S-94-1195.

R. Bradley Dawson and George E. Clough, of Clough, Dawson & Piccolo, for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

FAHRNBRUCH, J.

In this appeal, Frank Ladig claims that the district court for Lincoln County abused its discretion in sentencing him to life imprisonment for aiding and abetting the second degree murder of Richard Sterkel.

Ladig entered a no contest plea to a charge of second degree murder on September 16, 1993, was found guilty, and was sentenced to life imprisonment on November 20. He appealed that sentence to this court. Because the information upon which he was charged omitted "malice" as an element of the crime of second degree murder, this court, on July 29, 1994, set aside Ladig's conviction and remanded the cause to the district court for further proceedings. *State v. Ladig*, 246 Neb. 542, 519 N.W.2d 561 (1994).

Subsequently, an amended information, properly charging

Ladig with second degree murder, was filed in the district court for Lincoln County. On November 14, 1994, Ladig again entered a plea of no contest and was again found guilty of aiding and abetting the second degree murder of Sterkel. He again was sentenced to life imprisonment and again timely appealed his life sentence, claiming that it is excessive.

We find that the credit for time served while awaiting final disposition of his case is invalid and remand the cause to the district court for the resentencing of Ladig.

## STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal absent an abuse of discretion. *State v. Ellen*, 243 Neb. 522, 500 N.W.2d 818 (1993); *State v. Philipps*, 242 Neb. 894, 496 N.W.2d 874 (1993).

## FACTS

Ladig arrived in North Platte in July 1992. There, he met some men who had set up a transient camp under a Platte River bridge. Among the group were his future codefendants Antonio Estrada and Darrin McHenry.

Ladig joined the men as they spent their day drinking alcoholic beverages, swimming, playing cards, and taking turns begging for money to buy more food and alcohol. Sterkel came upon the group and accepted McHenry's invitation to join them at their camp. Later that afternoon, when Sterkel returned from a swim, he found that his wallet was missing. Ladig had the wallet and returned it to Sterkel. Ladig noticed that the wallet contained about $52.

The next morning Ladig, McHenry, Estrada, Sterkel, and another man, Nordell Moore, sat drinking alcoholic beverages. McHenry suddenly stood up and said, "Let's do it." McHenry looked at Estrada and asked if he was "ready." In response, Estrada stood up and McHenry hit Sterkel in the face. Estrada asked Ladig if he was with them. Ladig stood up and said, "Yeah." Ladig and Estrada then joined McHenry in beating Sterkel with their fists. Moore watched. McHenry demanded Sterkel's wallet. When Sterkel replied that it was hidden in the woods, McHenry demanded that he show them where it was. The presentence investigation report reflects that Sterkel was

too drunk to offer any resistance as he stumbled toward the woods. As Sterkel stumbled, McHenry, Ladig, and Estrada held him up and continued to punch him.

Once in the woods, the three men dumped Sterkel on the ground, and McHenry began kicking Sterkel in the face. McHenry again demanded to know where Sterkel had hidden the wallet. Sterkel replied that he had no money. The three men then began to search for Sterkel's wallet. In this search, Sterkel was stripped of his clothing. Sterkel then began to make a gurgling noise in his throat and seemed to have difficulty breathing. Ladig stopped hitting Sterkel and left the scene with Estrada.

Sterkel's battered body was discovered on July 30, 1992. The immediate cause of death was manual strangulation with blunt trauma to the chest and head.

Ladig was arrested on October 27, 1992, while driving a stolen truck in San Diego, California. Ladig had previously been convicted of burglary, grand theft (twice), retail theft (twice), trespass, petit theft, retail fraud (four counts), criminal damage to property, and opening and damaging coin–operated machines. At the time of sentencing, Ladig also had two counts each of burglary and theft pending in California.

Ladig was convicted of aiding and abetting second degree murder, sentenced to life imprisonment, and given 794 days' credit for time served.

## ASSIGNMENT OF ERROR

Ladig alleges that the trial court abused its discretion in imposing an excessive sentence.

## ANALYSIS

A sentence within the statutory limits will not be disturbed upon appeal absent an abuse of discretion by the sentencing court. See, *State v. Navrkal*, 242 Neb. 861, 496 N.W.2d 532 (1993); *State v. Morley*, 239 Neb. 141, 474 N.W.2d 660 (1991). An abuse of discretion takes place when the sentencing court's reasons or rulings are untenable and unfairly deprive the defendant of a substantial right and a just result. See, *State v. Philipps*, 242 Neb. 894, 496 N.W.2d 874 (1993); *State v. Riley*, 242 Neb. 887, 497 N.W.2d 23 (1993); *State v. Reynolds*, 242

Neb. 874, 496 N.W.2d 872 (1993).

In imposing sentence, a judge should consider the defendant's age, mentality, education, experience, and social and cultural background, as well as his past criminal record or law–abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime. See *State v. Smith*, 242 Neb. 202, 494 N.W.2d 126 (1993).

Ladig was 19 years old when he aided and abetted Sterkel's murder. The motive behind the murder was robbing Sterkel of approximately $52. Ladig's share of the take would have been minuscule. The attempted robbery of Sterkel ending in murder was the last in a long line of theft–related crimes Ladig has committed.

Ladig did express remorse at Sterkel's death. However, the brutal and vicious way in which Sterkel was repeatedly kicked, beaten, and finally strangled to death is a fact that cannot be ignored. The penalty authorized by Neb. Rev. Stat. § 28–304 (Reissue 1989) is not less than 10 years to a maximum of life imprisonment.

In light of the callousness with which Sterkel was killed and the theft–related nature of the crime, it cannot be said that the trial court abused its discretion in sentencing Ladig to life imprisonment. We note, however, that the trial court ordered that Ladig be given 749 days' credit for the time spent in jail. A defendant sentenced to life imprisonment is not entitled to credit for time in custodial detention pending trial and sentence. See, *State v. Rust*, 247 Neb. 503, 528 N.W.2d 320 (1995); *State v. Masters*, 246 Neb. 1018, 524 N.W.2d 342 (1994); *State v. Secret*, 246 Neb. 1002, 524 N.W.2d 551 (1994); *State v. Lynch*, 215 Neb. 528, 340 N.W.2d 128 (1983). Therefore, the credit given to Ladig for time served is invalid.

Ladig's sentence is vacated and the cause remanded to the district court for Lincoln County with direction to resentence Ladig in accordance with the law.

SENTENCE VACATED, AND CAUSE
REMANDED FOR RESENTENCING.