STATE OF NEBRASKA, APPELLEE, V. ERIC L. ORDUNA, APPELLANT.

550 N.W.2d 356

Filed July 12, 1996.   No. S-95-284.

Thomas M. Kenney, Douglas County Public Defender, and Stephen P. Kraft for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

GERRARD, J.

In *State v. Orduna*, 95 NCA No. 50, case No. A-95-284 (not designated for permanent publication), the Nebraska Court of Appeals affirmed the conviction of appellant, Eric L. Orduna, for third-offense shoplifting, a Class IV felony. Neb. Rev. Stat. §§ 28-511.01 and 28-518(4) and (6) (Reissue 1995). Orduna was sentenced to 4 to 5 years' imprisonment, with credit for time served.

## FACTUAL BACKGROUND

Orduna was arrested for shoplifting two sets of headphones from a Target Store in Omaha. The total value of the headphones was $64.98. Orduna had been convicted of shoplifting on at least two prior occasions. Consequently, the information filed alleged third-offense theft by shoplifting pursuant to §§ 28-511.01 and 28-518(6).

At a stipulated bench trial and enhancement hearing, the trial court admitted into evidence exhibits 2, 3, and 4, which are certified copies of Orduna's prior convictions for shoplifting from November 27, 1985; September 24, 1993; and October 5, 1993. Orduna objected to the use of exhibits 2 and 3, the certified copies of his November 27, 1985, and September 24, 1993, convictions. The basis of the objection was that neither exhibit affirmatively showed that Orduna made a knowing, voluntary, and intelligent waiver of his right to counsel. Orduna initially objected to exhibit 4, the conviction from October 5, 1993, but later withdrew this objection.

Exhibits 2 and 3 are standard form checklists used by judges of the Douglas County Court. In exhibit 2, concerning Orduna's November 27, 1985, court appearance, under the heading of "APPEARANCES," checkmarks appear next to the words "Defendant" and "Prosecutor," with the prosecutor's name written in the space provided. No checkmark appears next to the words "Defense Counsel," nor is there a name written in the space provided.

Under the heading "ARRAIGNMENT AND ADVISE-MENT," checkmarks appear which indicate Orduna was arraigned on a charge of shoplifting and advised of this charge and the associated penalties. The form indicates Orduna was

advised of his privilege against self-incrimination, right to confront his accusers, and right to a trial, including a jury trial. The form indicates Orduna waived each right. Checkmarks appear next to the statements "Defendant advised of his right to counsel" and "Defendant waives his right to counsel." Checkmarks appear in the appropriate spaces to indicate that Orduna entered a plea of guilty, that this guilty plea was knowingly, understandingly, intelligently, and voluntarily entered, and that a factual basis exists for the plea. Checkmarks do not appear next to the statements on the checklist indicating that the court in fact accepted Orduna's guilty plea. However, the remainder of the checklist was completed and indicated that Orduna, on this occasion, was ordered to pay a fine of $35 and costs.

Exhibit 3, concerning Orduna's September 24, 1993, court appearance, is a different standard form checklist than the one used in exhibit 2. But, like exhibit 2, the checklist begins by reciting that Orduna was charged with shoplifting and indicating the appearances of Orduna and the prosecution and that Orduna was not represented by counsel. Under the heading "ARRAIGNMENT AND ADVISEMENT," a checkmark appears in the box next to the statement "Defendant advised of the nature of the above charges, all possible penalties, and each of the following rights: Counsel; Trial; Jury Trial; Confront Accusers; Subpoena Witnesses; Remain Silent; Request Transfer to Juvenile Court; Defendant's Presumption of Innocence; State's Burden of Proof Beyond Reasonable Doubt."

Below this statement, a checkmark appears in the box next to the statement "Defendant waived each of the above and foregoing rights." Immediately below this, a checkmark appears in the box next to the statement "Plea(s) entered knowingly, understandingly, intelligently, voluntarily, and a factual basis for plea(s) found; defendant advised of right to appeal conviction and sentence." Checkmarks appear in the appropriate boxes indicating defendant entered a plea of guilty and was found guilty. For this conviction, Orduna was sentenced to 120 days in jail.

The trial court found exhibits 2 and 3 could be used for enhancement purposes, as a "careful examination of these exhibits affirmatively show[s] that the waiver of counsel was done 'knowingly, intelligently and voluntarily.' " After noting for the record Orduna's lengthy criminal record and prior imprisonment, the trial court sentenced him to 4 to 5 years' incarceration. Section 28-518(6) provides that for any third or subsequent conviction of theft under $200, a person shall be guilty of a Class IV felony. The penalty for a Class IV felony is a maximum incarceration of 5 years, a $10,000 fine, or both. Neb. Rev. Stat. § 28-105 (Reissue 1989).

## COURT OF APPEALS DECISION

The Court of Appeals did not reach the issue of whether the trial court erred in finding that the certified copies of Orduna's prior shoplifting convictions evinced a competent waiver of his right to counsel. Instead, the Court of Appeals found that *Nichols v. United States*, 511 U.S. 738, 114 S. Ct. 1921, 128 L. Ed. 2d 745 (1994), controlled. In *Nichols*, the U.S. Supreme Court held that an uncounseled misdemeanor conviction, which was constitutionally valid because no term of imprisonment was imposed, is also valid for enhancement of a subsequent conviction.

Applying *Nichols*, the Court of Appeals found that even if Orduna's November 27, 1985, conviction was uncounseled, because he was not sentenced to prison, it was a valid conviction for the purposes of enhancement. Accordingly, Orduna's November 27, 1985, conviction and his counseled October 5, 1993, conviction may be used to bring Orduna within § 28-518(6).

In addition, the Court of Appeals found that Orduna's sentence was not excessive, because it was within the statutory maximum for a Class IV felony and was warranted by Orduna's lengthy criminal record.

## SCOPE OF REVIEW

Regarding matters of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court in a judgment under review. *State v. Conklin*, 249 Neb. 727, 545 N.W.2d 101 (1996); *State v. Sinsel*, 249 Neb. 369, 543

N.W.2d 457 (1996). See *State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995).

A sentencing court's determination concerning the constitutional validity of a prior plea-based conviction, used for enhancement of a penalty for a subsequent conviction, will be upheld on appeal unless the sentencing court's determination is clearly erroneous. *State v. Reimers*, 242 Neb. 704, 496 N.W.2d 518 (1993).

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Kunath*, 248 Neb. 1010, 540 N.W.2d 587 (1995); *State v. Ladig*, 248 Neb. 737, 539 N.W.2d 38 (1995). An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. See, *State v. Parmar*, 249 Neb. 462, 544 N.W.2d 102 (1996); *State v. Mantich*, 249 Neb. 311, 543 N.W.2d 181 (1996).

## ASSIGNMENTS OF ERROR

Orduna asserts that the Court of Appeals erred in finding that his November 27, 1985, shoplifting conviction could be used to enhance his sentence and erred in not finding his sentence to be excessive.

Two issues are at the heart of the first assigned error: (1) whether the Court of Appeals could extend the holding of *Nichols v. U.S., supra*, to Nebraska law and find an uncounseled guilty plea to a misdemeanor in which no prison term was imposed valid for the purposes of enhancement and (2) whether the standard form checklists, offered as proof that Orduna was informed of and waived his right to counsel in those prior proceedings, fail to demonstrate that such waiver was made voluntarily, knowingly, and intelligently.

## ANALYSIS

*Enhancement Proceedings.*

The Court of Appeals' decision in this matter was filed on December 19, 1995. Three days later, on December 22, we rendered our decision in *State v. LeGrand, supra*. In *LeGrand*, this court held that the Court of Appeals erred in questioning our holdings in *State v. Oliver*, 230 Neb. 864, 434 N.W.2d

293 (1989), and *State v. Wiltshire*, 241 Neb. 817, 491 N.W.2d
324 (1992). We concluded that the Court of Appeals' reliance
on *Custis v. United States*, 511 U.S. 485, 114 S. Ct. 1732, 128
L. Ed. 2d 517 (1994), and *Nichols v. United States*, 511 U.S.
738, 114 S. Ct. 1921, 128 L. Ed. 2d 745 (1994), was mis-
placed because *Custis* does not impact this state's laws regard-
ing the right of state defendants to collaterally attack prior
state convictions being used for enhancement purposes.
Orduna asserts that the right to counsel—the only right the
guarantee of which may be attacked directly at an enhance-
ment hearing—should not be afforded less protection by this
court than those rights whose guarantee may be collaterally
attacked.

However, based on the record before us, it is unnecessary
to rely upon the holding in *Nichols v. United States, supra*, to
resolve the instant case. For reasons hereinafter set forth, we
conclude that Orduna's prior plea-based convictions for
shoplifting were made pursuant to a competent waiver of coun-
sel. It was error for the Court of Appeals to extend the hold-
ing in *Nichols* to this state's law when the issue, i.e., the valid-
ity of using uncounseled misdemeanor pleas in which no
prison term was imposed for enhancement purposes, was nei-
ther raised in the district court nor mentioned in the parties'
briefs on appeal. The U.S. Supreme Court noted in *Nichols*:
"States may decide, based on their own constitutions or pub-
lic policy, that counsel should be available for all indigent
defendants charged with misdemeanors. Indeed, many if not a
majority of States guarantee the right to counsel whenever
imprisonment is authorized by statute, rather than actually
imposed." 511 U.S. at 748-49. We leave for another day the
question of whether the Nebraska Constitution allows the use
of an uncounseled guilty plea to a misdemeanor in which no
prison term was imposed for the purposes of enhancement.

As a prefatory matter, the State suggests in its brief and
again at oral argument that Orduna's attack on his prior con-
victions is a collateral attack barred by the rule in *State v.
Wiltshire, supra*. In *Wiltshire*, we sought to clarify *State v.
Oliver, supra*, by reiterating, " 'Challenges to prior plea-based
convictions for enhancement proceedings may only be made

for the failure of the record to disclose whether the defendant had or waived counsel at the time the pleas were entered.' " 241 Neb. at 826, 491 N.W.2d at 330.

In enhancement proceedings, argues the State, Orduna is allowed to contest only whether he in fact waived the right to counsel. Thus, because in this case Orduna is contesting whether the face of the transcript shows that his waiver of counsel was entered knowingly, understandingly, intelligently, and voluntarily, his claim constitutes a collateral attack on a prior judgment, which must be raised on direct appeal or in a separate proceeding.

We think this too parsimonious a reading of our past cases, including *Wiltshire*. In *Wiltshire*, we further explained the above-quoted proposition by stating: "In other words, at the enhancement proceeding only those objections dealing with uncounseled pleas may be raised." *Id.* Furthermore,

> [w]e have said that in order to prove a prior drunk driving conviction for enhancement purposes, the State need show only that at the time of the prior conviction the defendant had, or waived, counsel. [Citations omitted.] Implicit in that statement, however, is the requirement that the waiver be made knowingly, voluntarily, and intelligently.

*State v. Anderson*, 232 Neb. 349, 350, 440 N.W.2d 257, 258-59 (1989).

Accordingly, what may have been implicit is now explicit. We hold that challenges to prior plea-based convictions for enhancement proceedings may be made only for the failure of the face of the transcript to disclose whether the defendant had counsel or knowingly, understandingly, intelligently, and voluntarily waived counsel at the time the pleas were entered. In *State v. Crane*, 240 Neb. 32, 35, 480 N.W.2d 401, 403 (1992), this court stated:

> We have repeatedly held that, as a procedural matter, a defendant cannot collaterally attack a prior conviction in an enhancement proceeding and that challenging a prior plea-based conviction based on the lack of a *Boykin*-type colloquy constitutes a collateral attack. . . . We do, however, allow challenges to prior plea-based

convictions offered for enhancement purposes based on the transcript's failure to disclose whether the defendant had or waived counsel at the time the pleas were entered. *. . . We do so because we do not regard such a challenge as a collateral attack on the former judgment. . . .* One could also challenge the constitutional validity of a prior conviction through a separate proceeding, such as an action for declaratory judgment.

(Citations omitted.) (Emphasis supplied.)

In a proceeding for an enhanced penalty, the state has the burden to show that the record of a defendant's prior conviction, based on a plea of guilty, affirmatively demonstrates that the defendant was represented by counsel, or that the defendant, having been informed of the right to counsel, voluntarily, intelligently, and knowingly waived that right. *State v. Reimers*, 242 Neb. 704, 496 N.W.2d 518 (1993); *State v. Nowicki*, 239 Neb. 130, 474 N.W.2d 478 (1991). Moreover, a checklist docket entry is sufficient to establish that a defendant has been advised of his rights and has waived them. *State v. Nowicki, supra.*

A checklist or other such docket entry which is made by one authorized to make it imports verity, and unless contradicted, it stands as a true record of the event. *State v. Ziemba*, 216 Neb. 612, 346 N.W.2d 208 (1984). Where a record is silent as to a defendant's opportunity for counsel, an appellate court may not presume that such rights were respected. *State v. Ristau*, 245 Neb. 52, 511 N.W.2d 83 (1994).

Orduna asserts that exhibits 2 and 3 do not evince a competent waiver of his right to counsel, because neither exhibit expressly states that Orduna's waiver of counsel was made knowingly, understandingly, intelligently, and voluntarily. We disagree. Instead, we conclude that exhibits 2 and 3 affirmatively demonstrate that Orduna was informed of the right to counsel and that he knowingly, understandingly, intelligently, and voluntarily waived that right.

With respect to Orduna's September 24, 1993, conviction, exhibit 3 affirmatively demonstrates that Orduna was not represented by counsel, but that he was advised of his right to counsel and waived his right. The record demonstrates that

Orduna entered a plea of guilty and that the court accepted his plea. There are no facts or circumstances in the record indicating that Orduna's plea was entered involuntarily or without sufficient understanding or knowledge of the plea's consequences. In fact, the record affirmatively demonstrates that the plea was entered knowingly, understandingly, intelligently, and voluntarily.

It is presumed in a bench trial that the judge was familiar with and applied the proper rules of law unless it clearly appears otherwise. *State v. Russell*, 248 Neb. 723, 539 N.W.2d 8 (1995); *State v. Secret*, 246 Neb. 1002, 524 N.W.2d 551 (1994). Accordingly, if the trial court finds that a plea was entered knowingly, understandingly, intelligently, and voluntarily, then it is necessarily true that if the record reflects counsel was waived, this right was waived knowingly, understandingly, intelligently, and voluntarily.

This is so because logically, a plea cannot be legally sufficient unless those elements underlying the plea are also legally sufficient. Thus, in the instant case, when the trial court found Orduna's guilty plea legally sufficient, it likewise found his waiver of counsel legally sufficient.

Exhibit 2, however, presents a different problem. Exhibit 2 affirmatively demonstrates that Orduna appeared without counsel but was advised of his right to counsel and waived it. Furthermore, exhibit 2 affirmatively demonstrates that Orduna knowingly, understandingly, intelligently, and voluntarily entered a plea of guilty to the charge of shoplifting. However, the court failed to place checkmarks in the appropriate spaces indicating that the court in fact found Orduna guilty. Notwithstanding, exhibit 2 affirmatively demonstrates that Orduna was fined $35 pursuant to his plea of guilty. Moreover, this checklist is signed and properly dated by the county judge and bailiff.

A checklist which is used as a substitute for a formal, written journal entry must be prepared with as much care and certainty as any record of a court in order to import absolute verity. *State v. Nowicki*, 239 Neb. 130, 474 N.W.2d 478 (1991); *State v. Foster*, 224 Neb. 267, 398 N.W.2d 101 (1986).

In *State v. Foster, supra,* an exhibit consisting of a complaint, two checklist journal entries, and an order of probation was found insufficient for the purposes of enhancement. One problem with the *Foster* exhibit was that even though one checklist showed the defendant entered a plea of guilty, the trial court neglected to check the appropriate spaces indicating the court accepted the defendant's plea. Furthermore, in *Foster*, we concluded that the other items in the exhibit did not cure this defect and affirmatively demonstrate that the defendant's plea was in fact accepted by the court. In particular, the order of probation indicated that the trial court did in fact convict the defendant of second-offense drunk driving, but failed to satisfy the checklist deficiency because the relevant dates and pleas did not match. The first journal entry showed the defendant pleaded guilty on July 24, 1979, while the probation order showed the defendant pleaded not guilty on July 7. July 7 was 17 days prior to the date of the offense alleged in the complaint.

*Foster* is distinguishable from the instant case. Here, although the trial court failed to check the appropriate spaces on exhibit 2 indicating that the court had in fact accepted Orduna's guilty plea, the court cured this defect by completing the remainder of the checklist on the same date as the plea, affirmatively demonstrating that Orduna was sentenced for the particular crime charged. Obviously, if the court had not accepted Orduna's guilty plea, then it could not have ordered him to pay a fine for the shoplifting offense. Thus, like exhibit 3, exhibit 2 affirmatively demonstrates that Orduna's waiver of the right to counsel was made knowingly, understandingly, intelligently, and voluntarily.

Accordingly, either of the convictions from exhibit 2 or exhibit 3, along with the October 5, 1993, conviction set forth in exhibit 4, was properly utilized to enhance Orduna's offense to third-offense shoplifting. Orduna's first assignment of error is without merit.

*Excessive Sentence.*

Even though Orduna, in effect, was sentenced to 4 to 5 years' imprisonment for shoplifting $64.98 worth of head-

phones, his excessive sentence argument is without merit. In imposing a sentence, a sentencing judge should consider the defendant's age, mentality, education, experience, and social and cultural background, as well as his or her past criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime. *State v. Ladig*, 248 Neb. 737, 539 N.W.2d 38 (1995); *State v. Derry*, 248 Neb. 260, 534 N.W.2d 302 (1995). The trial court noted that Orduna's criminal record was five pages long and had begun 10 years prior to the instant conviction, when Orduna was 15 years old. The record shows that in addition to the prior shoplifting convictions used to enhance Orduna's sentence, Orduna has been convicted of trespass, carrying a concealed weapon, possession of a controlled substance with intent to deliver, and five other theft convictions and that his driver's license has been suspended 13 times. The trial court noted that Orduna's prior record demonstrated an utter disrespect for the law. The trial court considered all of the appropriate sentencing factors, and the sentence did not constitute an abuse of discretion. The sentence imposed on Orduna was well within the statutory limits.

## CONCLUSION

Exhibits 2 and 3 affirmatively demonstrate Orduna's prior plea-based convictions for shoplifting were made pursuant to a competent waiver of counsel. It was proper for the trial court to utilize either of the convictions, along with the conviction set forth in exhibit 4, to enhance Orduna's offense to third-offense shoplifting. For all of the above reasons, the judgment of the Court of Appeals is affirmed.

AFFIRMED.