IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. KLEIN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MICHAEL H. KLEIN, APPELLANT.

Filed October 30, 2018.    No. A-17-1292.

Appeal from the District Court for Scotts Bluff County: LEO P. DOBROVOLNY, Judge. Affirmed.

Robert M. Williams and Jocelyn J. Brasher, of Larson, Kuper & Wenninghoff, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and, on brief, Sarah E. Marfisi for appellee.

MOORE, Chief Judge, and ARTERBURN and WELCH, Judges.

WELCH, Judge.

## I. INTRODUCTION

Michael H. Klein appeals his plea-based convictions for two counts of first degree sexual assault on a minor and two counts of first degree sexual assault on an incompetent, all Class II felonies. He contends that the sentences imposed on these convictions were excessive and that he received ineffective assistance of trial counsel. We find that the record is insufficient to address Klein's claim that trial counsel should have filed a motion to recuse the trial judge. The remainder of Klein's assignments of error are without merit. Therefore, we affirm his convictions and sentences.

## II. STATEMENT OF FACTS

Klein was originally charged with five counts of second degree sexual assault causing injury, Class III felonies; five counts of first degree sexual assault on a minor, Class II felonies; five counts of third degree sexual assault without consent or on an incompetent person, Class I misdemeanors; and five counts of first degree sexual assault on an incompetent person, Class II felonies. Pursuant to a plea agreement, Klein pled no contest to an amended information charging him with two counts of first degree sexual assault on a minor (counts 6 and 7 of the amended information) and two counts of first degree sexual assault on an incompetent (counts 16 and 17 of the amended information), all Class II felonies.

In its factual basis in support of the pleas, the State established that, during the relevant time period, Klein digitally penetrated 15-year-old K.K.'s vagina and performed cunnilingus on her. Additionally, the State established that, between October 2015 and July 2016, Klein digitally penetrated 16-year-old S.P. on at least 20 occasions.

At the sentencing hearing, the court noted that it had reviewed the presentence investigation report (PSR). The court acknowledged that Klein was 62 years old, had no mental health issues which would affect the sentencing proceeding, had no prior record, and had more than 12 years of education. The court further stated:

> The general nature and circumstances of these offenses were first degree sexual assault victimizing two students. [Klein] was responsible for coaching in a golf program, both in[side] and outside of the high school setting.
>
> There was no provocation to get [Klein] to commit these offenses. The offenses did not involve violence in the normal sense; however; for some purposes, sexual assault is considered violence.
>
> These offenses did cause serious harm, significant serious harm to both victims, that's clear from reading the [presentence] report, and it should be clear simply from the facts of the case to any reasonable person what the affect [sic] of this conduct would have on a young victim.
>
> There is no excuse or justification for [Klein]'s conduct. The victims did nothing to induce or facilitate the crime. In these cases, [Klein] used his influence, his position of power over these victims, and position of trust, or what should have been trust in the victims to trust him to take care of them. He used those factors, he used that position to lure these young women into situations where he could sexually abuse them.
>
> The attitude of the defendant is largely unknown. As [defense counsel] has indicated, one attitude that I do think comes through in the [presentence] report is he is probably not motivated to change. I didn't see a lot of indication of that, notwithstanding, perhaps, not saying anything about the facts of the case, I didn't see much motivation to make any changes.
>
> Restitution has not been made an issue in this case. It's unknown to the Court whether or not the circumstances are likely to recur. While it is true that one factor in determining that or trying to make a finding about that by a Court is whether there is a prior

record, and there is no prior record, but as we all know every record starts with it's [sic] first offense.

The court noted that although probation may have had some success, "it was definitely not appropriate in these cases." Further, the court did consider that Klein was married and perhaps that person was a dependent, but did not find excessive hardship would occur that should cause the court to withhold imprisonment. Klein scored as a medium high risk to reoffend on the level of service/case management inventory (LS/CMI) and moderate to low on the Vermont Assessment for Sex Offender Risk (VASOR) testing. The court found that a lesser sentence than imprisonment would depreciate the seriousness of the offenses or promote disrespect for the law. The court further found that treatment to be provided to Klein would best be administered in a correctional facility. Additionally, the court found that Klein could not be effectively and safely supervised in a community setting and substantial compelling reasons existed to deny probation. The district court sentenced Klein to 6 to 8 years' imprisonment on each of his convictions with the sentences ordered to run consecutively. He was granted a credit of 19 days served on count 6 of the amended information. Klein has timely appealed to this court and is represented by different counsel than represented him during his pleas and sentencing.

## III. ASSIGNMENTS OF ERROR

Klein contends (1) that the district court erred in imposing an excessive sentence and (2) that his trial counsel was ineffective for (a) failing to file a motion to recuse, (b) failing to recommend that Klein obtain a psycho-sexual offender evaluation prior to sentencing, (c) failing to object to alleged inflammatory comments made by the State during the sentencing hearing, and (d) representing him despite having a conflict of interest.

## IV. STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Russell*, 299 Neb. 483, 908 N.W.2d 669 (2018). Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *Id*.

When a defendant's trial counsel is different from his or her appellate counsel, all issues of ineffective assistance of trial counsel that are known to the defendant or are apparent from the record must be raised on direct appeal. *State v. McGuire*, 299 Neb. 762, 910 N.W.2d 144 (2018). If the issues are not raised, they are procedurally barred. *Id*.

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Cotton*, 299 Neb. 650, 910 N.W.2d 102 (2018), *disapproved on other grounds, State v. Avina-Murillo*, 301 Neb. 185, ___ N.W.2d ___ (2018). An appellate court determines as a matter of law whether the record conclusively shows that (1) a

defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id*.

## V. ANALYSIS

### 1. EXCESSIVE SENTENCE

Klein contends the sentences imposed are excessive. He was convicted of two counts of first degree sexual assault on a minor and two counts of first degree sexual assault on an incompetent, all Class II felonies. See Neb. Rev. Stat. § 28-319(1)(b) and (c) (Reissue 2016). At all relevant time periods, Class II felonies are punishable by 1 to 50 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Reissue 2008, Supp. 2015 & Reissue 2016). Klein's sentences of 6 to 8 years' imprisonment are on the low end of the statutory sentencing range. Additionally, Klein received a substantial benefit from the plea agreement in which six Class II felonies, five Class III felonies, and five Class I misdemeanors were dismissed.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, an appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Collins*, 292 Neb. 602, 873 N.W.2d 657 (2016). In imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.*

Klein specifically contends the district court failed to give sufficient weight to the fact that he has no prior criminal history, the circumstances which led to the charges are unlikely to recur, his attitude and character indicated he had a low likelihood for recidivism, and due to his age, he was effectively given a life sentence. Brief for appellant at 13-16. Klein also contends that the district court unfairly used the fact that his attorney advised him against making a statement due to pending civil litigation against him. Brief for appellant at 11 and 16-18. Klein also argues that the court abused its discretion in sentencing him to a lengthy term of imprisonment when it noted that probation could have been successful. Brief for appellant at 18-19.

Despite Klein's argument to the contrary, the record established that the district court reviewed the 430-page PSR and considered all appropriate sentencing factors. The court considered that Klein had no prior criminal history but noted the serious nature of his convictions. As the State points out in its brief, Klein caused serious psychological harm to his victims and abused his position as a golf coach and mentor to victimize teenage girls for his own sexual gratification. We also note that, Klein was assessed as a "medium high" risk to reoffend by the LS/CMI and was assessed as a "moderate low" risk to reoffend on the VASOR testing. Further, although Klein contends that the charges were unlikely to recur, the district court expressed that it was "unknown to the Court whether or not the circumstances are likely to recur."

Klein also argues that his attorney advised him not to make a statement due to pending litigation and the court used his silence at sentencing against him. There is no evidence to support this claim that the court used Klein's silence against him. Rather, the PSR noted a prior statement by Klein that he was looking forward to completing this court case so he could "go on with life."

Further, the probation officer noted that Klein "appears to be engaging in denial and minimization in that he takes limited responsibility for his actions pending before the Court." The probation officer also noted that Klein "appears to have no intent to change his behavior in the near future." Klein does not argue what he would have stated, if he spoke, whether it would have conflicted with his statement in the PSR, and he fails to point to anything which suggests the court used his silence against him.

Finally, the district court considered Klein's age in determining the appropriate sentence and contrary to Klein's argument, a 6- to 8-year sentence of imprisonment on each Class II felony does not constitute a sentence of life imprisonment. When a defendant claims that a sentence imposed is excessive, it is the minimum portion of an indeterminate sentence which measures its severity. *State v. McCaslin*, 240 Neb. 482, 482 N.W.2d 558 (1992).

In sum, contrary to Klein's claims on appeal, there is no evidence that the district court failed to consider all of the relevant factors in imposing his sentences. Further, the record reflects that the sentences imposed by the court are on the low end of the statutory sentencing range, Klein received a substantial benefit from the plea agreement, the offenses for which he was convicted were serious, the offenses caused harm to the two victims, his statements contained in the PSR indicated that he had not taken responsibility for the offenses and was engaging in denial and minimization, and he scored as a "medium high" risk to reoffend by LS/CMI. Considering such and the applicable law, we conclude that the sentences imposed by the district court for these four convictions were not excessive and that the court did not abuse its discretion when it sentenced Klein within the statutory limits.

### 2. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Klein next contends that his trial counsel was ineffective for (a) failing to file a motion to recuse, (b) failing to recommend that Klein obtain a psycho-sexual offender evaluation prior to sentencing, (c) failing to object to alleged inflammatory comments made by the State during the sentencing hearing, and (d) representing Klein despite a conflict of interest.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Avina-Murillo, supra*. To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. To show prejudice, the defendant must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*.

### (a) Motion to Recuse

Klein first argues that his trial counsel should have filed a motion to recuse the trial judge after the district court allegedly stated in a meeting in chambers with attorneys that he would "hammer" Klein at sentencing if he was convicted following a trial. Brief for appellant at 21. Klein contends that, after this off-the-record statement was made by the court, trial counsel informed

him of the statement and, fearful of what might happen if the case proceeded to trial, Klein agreed to the plea agreement in this case. *Id*.

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved; the determining factor is whether the record is sufficient to adequately review the question. *State v. Lane*, 299 Neb. 170, 907 N.W.2d 737 (2018).

Because the statement allegedly made by the district court to counsel was not made on the record, the record before this court is insufficient to review Klein's claim of ineffective assistance of counsel for failing to file a motion to recuse.

(b) Psycho-Sexual Evaluation

Klein next argues that his trial counsel was ineffective in failing to recommend that Klein undergo a psycho-sexual evaluation prior to the sentencing hearing. He argues that, had he undergone an evaluation, he "could have been appraised of any mental illness diagnoses and would then also have had the opportunity to address any such diagnoses via any recommended therapeutic regiment" and he "could have at least had the option to take the necessary steps in order to rehabilitate himself and also demonstrate to the court that he was doing the same." Brief for appellant at 22. He further alleges that due to trial counsel's failure to advise him to undergo a psycho-sexual offender evaluation prior to sentencing, he

> was very limited on ways in which he could demonstrate to the court that he was willing to take responsibility for his actions and that he was also willing to make positive changes in his life. Undergoing a psycho-sexual offender evaluation would have been a clear display to the probation office, trial court, and the State that Klein took responsibility for his actions, and that he was both ready and willing to make changes in his life to ensure that similar crimes would never occur. Any attorney representing an individual that pleads to a sexual act related crime and intends to argue and advocate for a probationary term for his/her client clearly would have recommended that said client obtain a psycho-sexual offender evaluation at the very least.

Brief for appellant at 22-23.

We first note that Klein's argument is that, had his trial counsel recommended such an evaluation, he "could have been apprised of any mental illness diagnoses" as it relates to addressing such illnesses if they exist. Klein is not alleging that he suffers from a mental illness. As our Supreme Court stated in *State v. Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014), the specificity requirement in pleading ineffective assistance must go beyond requesting a postconviction court to conduct a discovery hearing to determine whether there is some evidence favorable to the defendant's position.

Second, we note that the PSR in this case reflects that a mental health screen was completed on the day of Klein's interview for the PSR. The person conducting the mental health screening reported that no mental health services were required for successful community-based supervision. Further, even though the court could have done so, it did not order any type of further psychological examination, either on an outpatient basis or a full evaluation by the Department of Corrections. See Neb. Rev. Stat. §§ 29-2261(5) and 29-2204.03(1) (Reissue 2016). In addressing

an ineffective assistance of counsel allegation for failing to request the court to pursue such an examination, this court has held, "[t]rial counsel cannot be deficient for failing to request evaluations that the court itself could have ordered, but in its discretion deemed unnecessary." *State v. St. Cyr*, 26 Neb. App. 61, 74, 916 N.W.2d 753, 763-64 (2018).

Because Klein did not even plead that he suffers from a previously undetected mental illness, and because neither the court nor the mental status examiner deemed a psychiatric evaluation necessary here, we hold that Klein's claim that his trial counsel was ineffective for failing to recommend that he undergo a psycho-sexual evaluation is without merit.

(c) State's Comments at Sentencing

Klein next argues that his trial counsel was ineffective in failing to object to the State's comments at sentencing that he was a "pedophile" and "sexual predator." Additionally, he objects to the State's argument at sentencing that Klein's character references must not be "aware of what [Klein] has done to these two victims." Finally, Klein contends that his trial counsel should have objected to the State's comments that Klein was either "consciously or subconsciously deceptive" on the Substance Abuse Questionnaire. Klein argues that his trial counsel should have objected to these "inflammatory and prejudicial comments made before the sentencing judge." Brief for appellant at 24.

The record is adequate to review Klein's claims of ineffective assistance for failing to object the aforementioned comments made by the State at the sentencing hearing. Klein cannot show that he was prejudiced by his counsel's failure to object. In an ineffective assistance of counsel claim, to prove prejudice, the defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *State v. Wabashaw,* 274 Neb. 394, 740 N.W.2d 583 (2007). Even if trial counsel had objected to each of the alleged objectionable comments by the State at the sentencing hearing, there is no reasonable probability that the outcome of the sentencing hearing would have been different in this case.

It is presumed in a bench trial that the judge was familiar with and applied the proper rules of law unless it clearly appears otherwise. *State v. Orduna*, 250 Neb. 602, 550 N.W.2d 356 (1996); *State v. Russell,* 248 Neb. 723, 539 N.W.2d 8 (1995). Similarly, at a sentencing hearing, in the absence of evidence to the contrary, the presumption is that a judge will disregard evidence that should not have been admitted. *State v. Bjorklund*, 258 Neb. 432, 604 N.W.2d 169 (2000), *abrogated on other grounds, State v. Mata*, 275 Neb. 1, 745 N.W.2d 229 (2008). It follows that a sentencing judge will likewise be familiar with, and apply, the proper rules of law regarding sentencing unless it clearly appears otherwise and a sentencing judge will disregard statements by counsel that are inflammatory or allegedly prejudicial. Although a jury will be assumed to have considered such impermissible statements, the presumptions for judges is the opposite. *Id.*

As discussed above, prior to imposing sentence, the court noted that it had read the PSR and found that Klein was not a suitable candidate for probation. Further, the sentence imposed was based upon documented evidence and the record before the trial court at the time of sentencing. The record also reflects that the court considered the appropriate factors in determining Klein's sentence. As such, Klein cannot establish prejudice for his claim that his trial counsel was

ineffective for failing to object to the aforementioned comments by the State at sentencing and this assigned error must fail.

(d) Alleged Conflict of Interest

Klein contends that his trial counsel had a conflict of interest because counsel was a member of the Scotts Bluff Country Club. He contends that counsel knew, or should have known, by reviewing discovery in Klein's case that the Scotts Bluff Country Club could have potential liability in future civil litigation brought by the victims.

"The right to effective assistance of counsel entitles the accused to his or her counsel's undivided loyalties, free from conflicting interests." *State v. Avina-Murillo*, 301 Neb. 185, 196, ___ N.W.2d ___, ___ (2018). There are several types of conflicts of interest that could arise: an attorney may concurrently represent clients with conflicting interests (multiple representation), an attorney could successively represent clients with conflicting interests (successive representation), or the interests of the client may conflict with the attorney's personal interests (personal interest conflict). *State v. Avina-Murillo, supra*. "Not all conflicts of interest that affect the attorney's 'duty of loyalty' have the same consequences." *Id.* at 198, ___ N.W.2d at ___.

Here, Klein is alleging that his trial counsel had a personal interest conflict. In most cases involving a personal interest conflict, the *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), standard of prejudice applies. *State v. Avina-Murillo, supra*. However, some situations may arise in which the conflict is so serious that the defendant should be relieved of the obligation to show a reasonable probability that, but for counsel's deficient performance, the outcome of the trial would have been different. *Id.* "Prejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Id.* at 198, ___ N.W.2d at ___, quoting *Strickland v. Washington, supra*. For example, if a defendant demonstrates that defense counsel faced a situation in which conflicting loyalties pointed in opposite directions and defense counsel acted for counsel's own personal interests and against the defendant's interests, prejudice is presumed. *State v. Avina-Murillo, supra*. Each case in which a personal interest conflict is alleged must be reviewed on a case-by-case basis to determine whether or not a presumption of prejudice must be applied. *Id.*

Klein alleges that his trial counsel had a personal interest conflict due to counsel's membership in the Scotts Bluff Country Club. In this case, because the alleged personal interest conflict does not rise to the level of demanding a presumption of prejudice, we apply the *Strickland* standard. In order to prevail under *Strickland*, Klein must establish that his counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law and a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Avina-Murillo, supra*.

We first note that the record in this case contains no evidence regarding defense counsel's alleged country club membership. Even if we assume that defense counsel was, or is, a member of the Scotts Bluff Country Club, Klein's allegations do not establish that defense counsel, based upon his alleged membership in the country club, had any direct pecuniary interest in the outcome of Klein's case. Cf. *State v. Ryan*, 257 Neb. 635, 655, 601 N.W.2d 473, 489 (1999) (although

judge's comments evidence "a kind of pecuniary interest in discussing the cost of the trials and defense attorney fees," the comments were "not the type of direct pecuniary interest . . . where the judge could enhance his or her own salary by a finding of guilt").

Further, Klein's allegations of the personal interest conflict are limited to that defense counsel knew, or should have known, by reviewing discovery in Klein's case that the Scotts Bluff Country Club could have potential liability in future civil litigation brought by the victims. Even if Klein's counsel was a member of the Scotts Bluff Country Club, and even if that somehow presented a personal conflict of interest, a matter which we do not decide, we note that a personal conflict does not necessarily result in deficient performance. "[W]hen the attorney has a personal conflict, the attorney can still fulfill his or her duty of loyalty to the client, although doing so may be to the detriment of the attorney's personal interest." *State v. Avina-Murillo*, 301 Neb. at 198, ___ N.W.2d at ___.

In this case, Klein neither alleges how his trial counsel's alleged conflict of interest resulted in deficient performance, nor how that performance resulted in prejudice to Klein in these proceedings. Because the nature of the alleged conflict here does not result in a presumption of prejudice, and because Klein failed to allege any ways in which the alleged conflict caused counsel to deficiently perform or how that performance prejudiced Klein, Klein's assignment must fail. See *State v. Filholm*, 287 Neb. 763, 770, 848 N.W.2d 571, 578 (2014) ("[A]n appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel when raising an ineffective assistance claim on direct appeal. General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal and thereby preserve the issue for later review").

## VI. CONCLUSION

We find that the sentences imposed upon Klein were not excessive. Further, we find that the record was sufficient to address his claims that his trial counsel was ineffective for failing to recommend that Klein undergo a psycho-sexual evaluation prior to the sentencing hearing and failing to object to comments made by the State during the sentencing hearing and that these claims are without merit. We further find that Klein's claim that trial counsel had a personal conflict of interest is without merit. Finally, we find that the record on appeal is not sufficient for this court to address Klein's claims that his trial counsel was ineffective for failing to file a motion to recuse. Klein's convictions and sentences are affirmed.

AFFIRMED.